RECEIPT #_____
AMOUNT $ 25ᵇ
SUMMONS ISSUED N/
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. ✓_____
DATE_____ 8-18-6¹

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT J. VILA and B.V.T.V., INC.,

     Plaintiffs,

v.

SEARS, ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,

     Defendants.

Civil Action No.



## NOTICE OF REMOVAL

     Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Sears, Roebuck and Co. ("Sears

Co."), Sears Holdings Corporation (Sears Holdings") and Kmart Holding Corporation ("Kmart

Holdings") (collectively "Defendants"), hereby petition this Honorable Court for the removal of

this action from the Dukes County Superior Court of the Commonwealth of Massachusetts

("Dukes Superior Court") to the United States District Court for the District of Massachusetts

based on the following facts:

     1.     On or about July 18, 2005, plaintiffs Robert J. Vila ("Vila") and B.V.T.V., Inc.

("BVTV") ( collectively "Plaintiffs"), commenced a civil action in the Dukes Superior Court

styled Robert J. Vila and B.V.T.V., Inc. v. Sears, Roebuck and Co., Sears Holdings Corporation

and Kmart Holding Corporation, Dukes County Superior Court Civil Action No. DUCV 2005-

00041, by filing a Complaint seeking substantial monetary damages from Defendants.

     2.     On or about July 19, 2005, TSI's registered agent in Massachusetts for service of

process, CT Corporation, received a copy of, *inter alia*, the Summons and Complaint in this

matter which had previously been filed on July 18, 2005 in Dukes Superior Court in Edgartown, Massachusetts.

3.    The following documents represent all processes, pleadings, and orders Defendants are aware of to date:

(a)    Summons to Defendant Sears, Roebuck and Co.;

(b)    Civil Action Cover Sheet;

(c)    Complaint;

(d)    Motion to Appoint Special Process Server; and

(e)    Order allowing Motion to Appoint Special Process Server.

Copies of the foregoing documents, with the exception of the civil action cover sheet, are attached hereto as Exhibit A.

4.    This action is an action in which this Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332, in that:

(a)    the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

(b)    both Plaintiffs, on the one hand, and Defendants, on the other hand, are citizens of different states. Plaintiff Vila is an individual residing in Chilmark, Massachusetts and Plaintiff BVTV is a Massachusetts Corporation with a principal place of business in Boston, Massachusetts. Defendant Sears Co., is a New York corporation with a principal place of business in Hoffman Estates, Illinois; defendant Sears Holdings is a Delaware Corporation with a principal place of business in Hoffman Estates, Illinois; and defendant Kmart Holdings is a Delaware corporation with a principal place of business in Troy, Michigan.

2

5.      In particular, Plaintiffs, in the Complaint allege damages ranging between $948,750 and $10,635,676.

6.      This Notice of Removal is filed within thirty (30) days of service of the Complaint.

7.      A copy of this Notice of Removal addressed to the Dukes Superior Court and a separate Notice of the filing of the same will be served today, by overnight mail, on Plaintiffs' counsel, and will be filed within seven (7) days, pursuant to 28 U.S.C. § 1447(d), with the Dukes Superior Court.

8.      Pursuant to Local Rule 81.1(a), Petitioners will request from the clerk of the Dukes Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

3

WHEREFORE, defendants Sears, Roebuck and Co., Sears Holdings Corporation and

Kmart Holding Corporation, respectfully remove the above-captioned action pending in the

Dukes County Superior Court of Massachusetts to this Court.

**RESPECTFULLY SUBMITTED:**
SEARS, ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION and KMART
HOLDING CORPORATION, Defendants,
By their attorneys:

Gary R. Greenberg, BBO #209420
A. John Pappalardo, BBO # 338760
Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG, LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

DATED:  August 17, 2005

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on August 17, 2005, I served a copy of the foregoing by overnight mail, postage-prepaid upon:

James F. O'Brien, Esq.
410 park Avenue, Suite 1530
New York, NY 10022

Annapoorni R. Sankaran

4

**TO PLAINTIFF'S ATTORNEY**

PLEASE CIRCLE TYPE OF ACTION INVOLVED
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

COMMONWEALTH OF MASSACHUSETTS

Dukes Count  ss.

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No.

ROBERT J. VILA and
B.V.T.V., INC.

_____v._____, (Plaintiff(s,

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION Defendant(s)

SUMMONS

To the above-named Defendant    Sears, Roebuck and Co.

You are hereby summoned and required to serve upon  James F. O'Brien              plaintiff's
attorney, whose address is  410 Park Avenue, Suite 1530, New York, NY 10022              , an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  Barbara J. Rouse     , Esquire, at Edgartown, the_____ 18ᵗʰ_____day of
____July____, in the year of our Lord two thousand          and  Five

Clerk of Courts

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

**NOTES**

This summons is issued pursuant to Rule 4 of the Massachusetts Rule  f Civil Procedure
When more than one defendant is involved, the names of all defer  ants should appe
caption. If a separate summons is used for each defendant, each          lressed
particular defendant.

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. _____  _____

_____

ROBERT J. VILA and B.V.T.V., INC

               Plaintiffs,        )
                                  )
                                  )
v.                                      )
                                  ).

SEARS, ROEBUCK AND CO.,          )
SEARS HOLDINGS CORPORATION
and KMART HOLDING COPORATION
                 Defendants.
_____)

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), plaintiffs Robert J. Vila and B.V.T.V., Inc. hereby

move for an order specially appointing B. Keith Wheeler, Beacon Hill Research, Inc., 6

Beacon Street, Suite 825, Boston, Massachusetts 02108, a disinterested party over 18

years of age, to serve the Summons, Complaint and all other process and orders which

may be issued in this case.

                              ROBERT J. VILA and B.V.T.V., INC

                              By their attorney

                              James F. O'Brien (BBO # 375765)
                              410 Park Avenue, Suite 1530
                              New York, New York 10022
Dated: July 15, 2005            212 813 9300



COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

ROBERT J. VILA and B.V.T.V., INC.

Plaintiffs,

v.

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION
and KMART HOLDING COPORATION

Defendants.

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), plaintiffs Robert J. Vila and B.V.T.V., Inc. hereby

move for an order specially appointing B. Keith Wheeler, Beacon Hill Research, Inc., 6

Beacon Street, Suite 825, Boston, Massachusetts 02108, a disinterested party over 18

years of age, to serve the Summons, Complaint and all other process and orders which

may be issued in this case.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney

James F. O'Brien (BBO# 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300

Dated: July 15, 2005

Rx Date/Time    JUL-19-2005(TUE) 12:12        212 813 1907;        212 813 15..        P. 005
SENT BY: JAMES F OBRIEN;              212 813 1907;        JUL-19-05    35PM;        PAGE 3/3
                                                                      NO.017     P.3

## Commonwealth of Massachusetts
### County of Dukes
### The Superior Court

Civil Docket DUCV2005-00041

RE:   Vila et al v Sears, Roebuck and Co. et al

TO:   James F O'Brien, Esquire
      410 Park Avenue, Suite 1530
      New York, NY 10022-3333

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 07/19/2005:

*RE: Plaintiff Robert J Vila's MOTION to Appoint Special Process Server*

is as follows:

**MOTION (P#2, Motion to Appoint Special Process Server) ALLOWED (Gary A Nickerson, Justice) Notices mailed July 19, 2005**

Dated at Edgartown, Massachusetts this 19th day of July, 2005.

                                            Joseph E. Sollitto, Jr.,
                                            Clerk of the Courts

                      BY:

                                            Paula L. Berube-Devaney
                                            Assistant Clerk

Telephone: (508) 627-4668

Copies mailed 07/19/2005

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.                                    SUPERIOR COURT DEPARTMENT
                                              OF THE TRIAL COURT
                                              CIVIL ACTION NO.

‹

ROBERT J. VILA and B.V.T.V., INC.    )

         Plaintiffs,

                           )

v.

                           )

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION
and KMART HOLDING COPORATION
         Defendants.

## COMPLAINT

This is an action by plaintiffs Robert J. Vila and B.V.T.V., Inc. seeking to recover

damages and other relief from defendants Sears, Roebuck and Co., Sears Holdings

Corporation and Kmart Holding Corporation in connection with the repudiation of and

breaches by Sears, Roebuck and Co. of a contract with Robert J. Vila to act as

spokesperson for certain products of Sears, Roebuck and Co. and of a contract with

B.V.T.V., Inc. for the production of the nationally syndicated television series known as

*Home Again With Bob Vila.* In particular, Robert J. Vila seeks the recovery of amounts

due and to become due pursuant to his Spokesperson Agreement with Sears, Roebuck

and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due

to their tortious interference with the Spokesperson Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants' willful violations of M.G.L. c. 93A, §§2 and    , together with interest, costs and attorneys' fees. B.V.T.V., Inc. seeks the recovery of amounts due and to become due pursuant to its Syndication Agreement with Sears, Roebuck and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due to their tortious  interference with the Syndication Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants  willful violation of M.G.L. c. 93A, §§2 and    , together with interest, costs and attorneys' fees.

## THE PARTIES

Plaintiff Robert J Vila ("Vila") is a citizen of the Commonwealth of Massachusetts with a residence in Chilmark, Massachusetts. Continuously since 1989, Vila has been the national spokesperson for certain products marketed and sold by defendant Sears, Roebuck and Co.

2   Plaintiff B.V.T.V., Inc "BVTV") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 115 Kingston Street, Boston, Massachusetts. Continuously since 1989, BVTV has been the producer of the nationally syndicated television series known

as *Home Again With Bob Vila*, which series has been paid for and sponsored by Sears, Roebuck and Co.

3. Defendant Sears, Roebuck and Co. ("Sears' is a corporation organized and existing under the laws of the State of New York with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois. At all times material hereto, Sears has been one of the nation's largest retailers of merchandise, including so-called home improvement products.

4. Defendant Sears Holdings Corporation ("SHLD") is a corporation organized in 2004 and existing under the laws of the State of Delaware with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois

5. Defendant Kmart Holding Corporation ("Kmart") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3100 West Big Beaver Road, Troy, Michigan.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction with respect to defendants Sears, SHLD and Kmart pursuant to M.G.L. c. 223A, §3 because Sears transacts business within the Commonwealth of Massachusetts and SHLD and Kmart have caused tortious injury in the Commonwealth of Massachusetts.

7. This Court has jurisdiction with respect to the subject matter of this action pursuant to M.G.L. c. 212, §4 and c. 93A, §11

8. Venue is proper in this county under M.G.L. c. 223, §1, §8.

3

## FACTS

9. On or about September 29, 1985, Sears entered into an agreement with Vila, whereby Vila was to render professional services as a spokesperson, participant and performer in connection with the advertising of Sears' products by way of, among other things, television and radio commercials, videos, still photographs and personal appearances (the "Spokesperson Agreement")

10. The Spokesperson Agreement has been extended and amended by the parties numerous times and currently is due to expire on December 31, 2009. Since 1989, Vila has performed and continues to perform his obligations to Sears pursuant to the Spokesperson Agreement, as amended.

11. On or about September 29, 1985, Sears entered into an agreement with BVTV, whereby BVTV was to produce and deliver to Sears a series of home improvement television programs to be paid for and sponsored by Sears (the "Syndication Agreement").

12. The Syndication Agreement has been extended and amended by the parties numerous times. Negotiations for the most recent amendment to the Syndication Agreement (Amendment 11) took place from March 2004 to January 18, 2005. On January 18, 2005, Amendment 11 to the Syndication Agreement was entered into by the parties. The Syndication Agreement, as amended, is currently due to expire on August 31, 2007. Since 1989, BVTV has performed and continues to perform its obligations to Sears pursuant to the Syndication Agreement, as amended.

4

On or about November 17, 2004, while negotiations for Amendment 11 of the Syndication Agreement were ongoing, Sears announced a transaction whereby, subject to, among other things, shareholder approval by the shareholders of Kmart and Sears, Kmart would acquire Sears and combine the two companies into a major new retail company

4. In anticipation of that transaction, on November 23, 2004, Kmart formed SHLD in the State of Delaware.

15. Pursuant to the course of conduct established by Sears and BVTV over the fifteen years of their relationship, in December 2004, BVTV began preproduction activities for the September 2005 – August 2006 season of the television series and submitted invoices to Sears for the payment of $750,000 that would be due under Amendment    on January 1, 2005.

16. On January  8, 2005, Sears and BVTV concluded their negotiations and entered into Amendment    to the Syndication Agreement, as amended. Amendment  1 extended the term of the Syndication Agreement to August 31, 2007.

7. Pursuant to the Syndication Agreement, for the year September 2003 through August 2004, Sears is obligated, among other things, to pay BVTV certain incentive bonus payments of up to a maximum of $1,250,000. Sears has not fully accounted to BVTV for or paid to BVTV the entirety of the incentive bonus payment due for the year ended August 2004. Upon information and belief, the balance of the incentive bonus payment due to BVTV is approximately $500,000.

18. Pursuant to the Syndication Agreement, as most recently amended and in effect, Sears is obligated to pay to BVTV the guaranteed sums of $750,000 by January 1

2005, $494,500 by March 1, 2005, $275,000 by August  , 2005, plus, by August

2005, a $200,000 advance against Revenue Sharing fees, with the balance of

said Revenue Sharing fees to be estimated and paid by October    2005

Similarly, for the year September 2006 through August 2007, Sears is obligated.

among other things, to pay BVTV the guaranteed sums of $750,000 by January

2006, $494,500 by March    2006 , $275,000 by August 1, 2006, plus, by August

, 2006, a $200,000 advance against Revenue Sharing fees, with the balance of

said Revenue Sharing fees to be estimated and paid by October    2006.

9. In  February 2005, although the transaction with Kmart Holding had not been

consummated or approved by shareholders of Sears and Kmart, and although

Sears and BVTV had just recently entered into Amendment    to the Syndication

Agreement, Kmart and SHLD caused Sears to advise BVTV that management of

Kmart and SHLD wanted to change the Syndication Agreement, as amended and

then in effect

20. Although Sears and BVTV had just recently entered into Amendment 1  to the

Syndication Agreement, because of the long and mutually successful relationship

BVTV enjoyed with Sears, BV V engaged in discussions with Sears for a

possible further amendment to the Syndication Agreement, as amended and then

in effect

21. In the course of those discussions, Kmart and SHLD caused Sears to advise Vila

that management of Kmart and SHLD also wanted to change  the Spokesperson

Agreement, as amended and then in effect

6

22. Because of the long and mutually successful relationship Vila enjoyed with Sears, Vila engaged in discussions with Sears for a possible further amendment to the Spokesperson Agreement, as amended and then in effect.

23. When those discussions did not progress as SHLD and Kmart desired, SHLD and Kmart caused Sears to claim that Sears had not agreed with BVTV for the production of the television series *Home Again With Bob Vila* for the 2005-2006 season or any other future season.

24. SHLD and Kmart caused Sears to breach its Syndication Agreement, as amended, with BVTV and to refuse to pay BVTV the payments due BVTV pursuant to the Syndication Agreement, as amended, by January , 2005 and March , 2005 in the total amount of $1,244,500. Further, SHLD caused Sears to totally repudiate the Syndication Agreement and stated that Sears will not make any payments due BVTV in the future under the Syndication Agreement, as amended.

25. SHLD and Kmart also caused Sears to take the position that Sears' repudiation of the Syndication Agreement, as amended, entitled Sears to terminate the Spokesperson Agreement with Vila.

26. Pursuant to the Spokesperson Agreement, as amended, Sears is obligated to pay to Vila each year, one half of the guaranteed compensation for that year on January and the other half on July 1

27. The guaranteed compensation owed to Vila for the year 2005 is $1,897,500. The guaranteed compensation to be paid to Vila for the years 2006-2009 is $9,686,926.

28. Sears made the payment due Vila on January 1, 2005 in the amount of $948,750.

29. SHLD and Kmart caused Sears to refuse to pay to Vila the guaranteed compensation due July   , 2005 in the amount of $948,750.

## COUNT I
### (Breach of Contract)

30. Vila repeats the allegations contained in paragraphs   through 29, as though fully set forth herein.

31. By its failure and refusal to pay Vila the guaranteed compensation in the amount of $948,750 due Vila on July   , 2005, Sears has breached its obligations to Vila pursuant to the Spokesperson Agreement.

32. As a direct and proximate result of Sears' breach of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, plus interest, costs and his attorneys' fees.

## COUNT II
### (Repudiation of Contract)

33. Vila repeats the allegations contained in paragraphs   through 32, as though fully set forth herein.

34. Upon information and belief, Sears has repudiated its future obligations to Vila pursuant to the Spokesperson Agreement.

35. As a direct and proximate result of Sears' repudiation of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be

8

determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

36. Vila repeats the allegations contained in paragraphs 1 through 35, as though fully set forth herein.

37. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement.

38. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT IV
### (Tortious Interference With Contract)

39. Vila repeats the allegations contained in paragraphs    through 38, as though fully set forth herein.

40. SHLD and Kmart knew of the Spokesperson Agreement, as amended, between Sears and Vila.

41. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with the Spokesperson Agreement with improper purpose or

9

by improper means, causing Sears to breach its obligations to Vila under the Spokesperson Agreement, as amended, to breach the implied covenant of good faith and fair dealing in the Spokesperson Agreement and to repudiate its future obligations to Vila under the Spokesperson Agreement.

42. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Spokesperson Agreement between Sears and Vila, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT V
### (Violation of M.G.L. 93A)

43. Vila repeats the allegations contained in paragraphs 1 through 42, as though fully set forth herein.

44. Vila, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A

45. By their actions and conduct, Sears, SHLD and Kmart have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and

46. As a direct and proximate result of Sears', SHLD's and Kmart's violations of M.G.L. c. 93A, Vila has been damaged in an amount to be determined at trial but, in no event less than $948,750, trebled, but in no event, less than doubled, plus interest, costs and his attorneys' fees. Further, Vila will be damaged in a

further amount to be determined at trial, but, in no event less than $9,686,926,

trebled, but in no event, less than doubled, plus interest, costs and his attorneys'

fees.

## COUNT VI
### (Breach of Contract)

47. BVTV repeats the allegations contained in paragraphs 1 through 46, as though
fully set forth herein.

48. By its failure and refusal to pay BVTV the full, incentive bonus due for the year
ended August 31, 2004 and the guaranteed compensation past due BVTV, Sears
has breached its obligations to BVTV pursuant to the Syndication Agreement, as
amended.

49. As a direct and proximate result of Sears' breach of the Syndication Agreement,
BVTV has been damaged in an amount to be determined at trial, but, in no event
less than $1,744,500, plus interest, costs and its attorneys' fees.

## COUNT VII
### (Repudiation of Contract)

50. BVTV repeats the allegations contained in paragraphs 1 through 49, as though
fully set forth herein.

51. Sears has repudiated its future obligations to BVTV pursuant to the Syndication
Agreement.

52. As a direct and proximate result of Sears' repudiation of the Syndication
Agreement, BVTV has been damaged in an amount to be determined at trial, but,

11

in no event less than $1,744,500, plus interest, costs and its attorneys' fees, and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT VIII
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. BVTV repeats the allegations contained in paragraphs    through 52, as though fully set forth herein.

54. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Syndication Agreement.

55. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees. and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500 plus interest, costs and its attorneys' fees.

## COUNT IX
### (Tortious Interference With Contract)

56. BVTV repeats the allegations contained in paragraphs 1 through 55, as though fully set forth herein.

57. SHLD and Kmart knew of the Syndication Agreement, as amended, between Sears and BVTV.

.2

58. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with that contract, with improper motive or by improper means, causing Sears to breach its obligations to BVTV under the Syndication Agreement, as amended, to breach the implied covenant of good faith and fair dealing inherent in the Syndication Agreement and to repudiate its future obligations to BVTV under the Syndication Agreement.

59. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Syndication Agreement between Sears and BVTV, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

### COUNT X
### (Violation of M.G.L. c. 93A)

60. BVTV repeats the allegations contained in paragraphs 1 through 59, as though fully set forth herein.

61 BVTV, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A

62. By their actions and conduct, Sears and SHLD have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and

13

63  As a direct and proximate result of Sears   SHLD's and Kmart's violations of

M.G.L. c. 93A, BVTV has been damaged in an amount to be determined at trial,

but, in no event less than $1,744,500, trebled, but in no event, less than doubled,

plus interest, costs and its attorneys' fees   'urther, BV 'V will be damaged in a

further amount to be determined at trial, but, in no event less than $2,194,500,

trebled, but in no event, less than doubled, plus interest, costs and its attorneys

fees.

## PRAYERS FOR RELIEF

WHEREFORE, Robert J. Vila and B.V.T.V, Inc. respectfully request that this Court enter

judgment, as follows:

A   Awarding Robert J. Vila damages against Sears, Roebuck and Co. in an amount to

be determined at trial, but in no event less than $948,750, as a result of Sear

Roebuck and Co.'s breach of the Spokesperson Agreement, together with interest,

costs and his attorneys' fees;

B   Awarding Robert    Vila damages against Sears, Roebuck and Co. in an amount to

be determined at trial, but in no event less than $9,686,926, as a result of Sears,

Roebuck and Co.'s repudiation of the Spokesperson Agreement, together with

interest, costs and his attorneys' fees;

C   Awarding Robert J Vila damages against Sears, Roebuck and Co. in an amount to

be determined at trial, but in no event less than $10,635,676, as a result of Sears,

Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing

4

inherent in the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

D. Awarding Robert J. Vila damages against Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

E. Awarding Robert J. Vila damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, trebled, but, in no event less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holding Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and his attorneys' fees;

F. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $1,744,500, as a result of Sears, Roebuck and Co.'s breach of the Syndication Agreement, together with interest, costs and its attorneys' fees;

G. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $2,194,500, as a result of Sears, Roebuck and Co.'s repudiation of the Syndication Agreement, together with interest, costs and its attorneys' fees;

Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears,

Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, together with interest, costs and its attorneys' fees;

I.  Awarding B.V.T.V., Inc. damages against Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Syndication Agreement, together with interest, costs and its attorneys' fees;

J.  Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, trebled, but, in no event, less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holdings Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and its attorneys' fees;

K.  Awarding Robert J. Vila and B.V. V., Inc. such other and further relief as this Court deems just and proper.

## JURY DEMAND

Robert J. Vila and B.V. V., Inc. hereby demand a jury as to all claims and issues so triable.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney

James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300
212 813 1907 (fax)

Dated: July 15, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Robert J. Vila

**DEFENDANTS**

Sears Roebuck and Co. et al

**(b)** County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James F. O'Brien ESQ.
410 Park Ave Suite 1530, New York NY 10022

Attorneys (If Known) Gary R. Greenberg, Anna Jokcirc
Sonkeran Greenberg Traurig LLP
One International Place Boston MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Med. Malpractice | ☐ 625 Drug Related Seizure |     28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |      Liability / ☐ 365 Personal Injury - |      of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|      & Enforcement of Judgment |      Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |      Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |      Liability      Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|      Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** |      Safety/Health |  | ☐ 490 Cable/Sat TV |
|      (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |      Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      Property Damage |      Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract |      Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |      12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |      Injury |      & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment      Sentence | ☐ 791 Empl. Ret. Inc. |      or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** |      Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |      Accommodations / ☐ 530 General |  |      26 USC 7609 |      Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other |  |  |      Under Equal Access |
|  |      Employment / ☐ 550 Civil Rights |  |  |      to Justice |
|  | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  |      Other |  |  |      State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 USC 1441 & 1446; 28 USC 1332

Brief description of cause:

Breach of Contract

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):

JUDGE                    DOCKET NUMBER

DATE 6/18/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**05 : 11717 REK**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  *Robert Vila v Sears Roebuck & Co.*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    __    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    __    II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    X    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

    __    IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

    __    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐    NO ☒

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  *Anne Santaran Greenberg Traurig LLP*
ADDRESS  *One International Place Boston MA 02110*
TELEPHONE NO.  *617 310 6000*

(CategoryForm.wpd -5/2/05)