MAS-20040909
devaneyp

**Commonwealth of Massachusetts**
DUKES SUPERIOR COURT
Case Summary
Civil Docket

09/06/2005
10:01 AM

# DUCV2005-00041
## Vila et al v Sears, Roebuck and Co. et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 07/18/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/18/2005 | **Session** | A - Civil A | | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/16/2005 | **Answer** | 12/15/2005 | **Rule12/19/20** | 12/15/2005 |
| **Rule 15** | 12/15/2005 | **Discovery** | 05/14/2006 | **Rule 56** | 06/13/2006 |
| **Final PTC** | 07/13/2006 | **Disposition** | 09/11/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Robert J Vila
Chilmark, MA 02535
Active 07/18/2005

**Private Counsel 375765**
James F O'Brien
410 Park Avenue, Suite 1530
New York, NY 10022-3333
Phone: 212-813-9300
Fax: 212-813-1907
Active 07/18/2005 Notify

A True Copy,

Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

**Plaintiff**
B.V.T.V., Inc
115 Kingston Street
Active 07/18/2005

**Defendant**
Sears, Roebuck and Co.
3333 Beverly Road
Served: 07/19/2005
Served (answr pending) 07/28/2005

**Private Counsel 631065**
Annapoorni R Sankaran
Greenberg Traurig
1 International Place
3rd floor
Boston, MA 02110
Phone: 617-310-6000
Fax: 617-310-6001
Active 09/06/2005 Notify

**Defendant**
Sears Holdings Corporation
3333 Beverly Road
Served: 07/22/2005
Served (answr pending) 08/04/2005

*** See Attorney Information Above ***

MAS-20040909

devaneyp

**Commonwealth of Massachusetts**
**DUKES SUPERIOR COURT**
**Case Summary**
**Civil Docket**

09/06/2005

10:01 AM

## DUCV2005-00041
### Vila et al v Sears, Roebuck and Co. et al

| **Defendant** | *** See Attorney Information Above *** |
|---|---|
| Kmart Holding Corporation | |
| 3100 West Big Beaver Road | |
| Service pending 07/18/2005 | |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 07/18/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 07/18/2005 | | Origin 1, Type A01, Track F. |
| 07/18/2005 | | Tracking: origin/track set, Notice sent to Plt. Atty. |
| 07/18/2005 | 2.0 | Plaintiff Robert J Vila's MOTION to Appoint Special Process Server |
| 07/19/2005 | | MOTION (P#2, Motion to Appoint Special Process Server) ALLOWED (Gary |
| | | A Nickerson, Justice) Notices mailed July 19, 2005 |
| 07/28/2005 | 3.0 | SERVICE RETURNED: Sears, Roebuck and Co.(Defendant) |
| 08/04/2005 | 4.0 | SERVICE RETURNED: Sears Holdings Corporation(Defendant) |
| 08/05/2005 | 5.0 | Joint Stipulation to Extend Time to File Response to Pltfs' Complaint. |
| 08/18/2005 | 6.0 | Notice for Removal to the United States District Court filed by |
| | | Defendants |

**EVENTS**

## COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. DUCV2005-00041

A True Copy,

Attest:

*JOSEPH E. SOLLITTO, JR.*

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

|  |  |
|---|---|
| ROBERT J. VILA and B.V.T.V., INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SEARS, ROEBUCK AND CO., | ) |
| SEARS HOLDINGS CORPORATION | ) |
| and KMART HOLDING COPORATION | ) |
| Defendants. | ) |

## COMPLAINT

This is an action by plaintiffs Robert J. Vila and B.V.T.V., Inc. seeking to recover

damages and other relief from defendants Sears, Roebuck and Co., Sears Holdings

Corporation and Kmart Holding Corporation in connection with the repudiation of and

breaches by Sears, Roebuck and Co. of a contract with Robert J. Vila to act as

spokesperson for certain products of Sears, Roebuck and Co. and of a contract with

B.V.T.V., Inc. for the production of the nationally syndicated television series known as

*Home Again With Bob Vila.* In particular, Robert J. Vila seeks the recovery of amounts

due and to become due pursuant to his Spokesperson Agreement with Sears, Roebuck

and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

JUL 1 8 RECD
2005

Clerk

to their tortious interference with the Spokesperson Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants' willful violations of M.G.L. c. 93A, §§2 and 11, together with interest, costs and attorneys' fees. B.V.T.V., Inc. seeks the recovery of amounts due and to become due pursuant to its Syndication Agreement with Sears, Roebuck and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due to their tortious interference with the Syndication Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants' willful violation of M.G.L. c. 93A, §§2 and 11, together with interest, costs and attorneys' fees.

## THE PARTIES

1. Plaintiff Robert J. Vila ("Vila") is a citizen of the Commonwealth of Massachusetts with a residence in Chilmark, Massachusetts. Continuously since 1989, Vila has been the national spokesperson for certain products marketed and sold by defendant Sears, Roebuck and Co.

2. Plaintiff B.V.T.V., Inc. ("BVTV") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 115 Kingston Street, Boston, Massachusetts. Continuously since 1989, BVTV has been the producer of the nationally syndicated television series known

as *Home Again With Bob Vila*, which series has been paid for and sponsored by Sears, Roebuck and Co.

3. Defendant Sears, Roebuck and Co. ("Sears") is a corporation organized and existing under the laws of the State of New York with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois. At all times material hereto, Sears has been one of the nation's largest retailers of merchandise, including so-called home improvement products.

4. Defendant Sears Holdings Corporation ("SHLD") is a corporation organized in 2004 and existing under the laws of the State of Delaware with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois

5. Defendant Kmart Holding Corporation ("Kmart") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3100 West Big Beaver Road, Troy, Michigan.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction with respect to defendants Sears, SHLD and Kmart pursuant to M.G.L. c. 223A, §3 because Sears transacts business within the Commonwealth of Massachusetts and SHLD and Kmart have caused tortious injury in the Commonwealth of Massachusetts.

7. This Court has jurisdiction with respect to the subject matter of this action pursuant to M.G.L. c. 212, §4 and c. 93A, §11.

8. Venue is proper in this county under M.G.L. c. 223, §1, §8.

3

## FACTS

9. On or about September 29, 1985, Sears entered into an agreement with Vila, whereby Vila was to render professional services as a spokesperson, participant and performer in connection with the advertising of Sears' products by way of, among other things, television and radio commercials, videos, still photographs and personal appearances (the "Spokesperson Agreement").

10. The Spokesperson Agreement has been extended and amended by the parties numerous times and currently is due to expire on December 31, 2009. Since 1989, Vila has performed and continues to perform his obligations to Sears pursuant to the Spokesperson Agreement, as amended.

11. On or about September 29, 1985, Sears entered into an agreement with BVTV, whereby BVTV was to produce and deliver to Sears a series of home improvement television programs to be paid for and sponsored by Sears (the "Syndication Agreement").

12. The Syndication Agreement has been extended and amended by the parties numerous times. Negotiations for the most recent amendment to the Syndication Agreement (Amendment 11) took place from March 2004 to January 18, 2005. On January 18, 2005, Amendment 11 to the Syndication Agreement was entered into by the parties. The Syndication Agreement, as amended, is currently due to expire on August 31, 2007. Since 1989, BVTV has performed and continues to perform its obligations to Sears pursuant to the Syndication Agreement, as amended.

4

13. On or about November 17, 2004, while negotiations for Amendment 11 of the Syndication Agreement were ongoing, Sears announced a transaction whereby, subject to, among other things, shareholder approval by the shareholders of Kmart and Sears, Kmart would acquire Sears and combine the two companies into a major new retail company.

14. In anticipation of that transaction, on November 23, 2004, Kmart formed SHLD in the State of Delaware.

15. Pursuant to the course of conduct established by Sears and BVTV over the fifteen years of their relationship, in December 2004, BVTV began preproduction activities for the September 2005 – August 2006 season of the television series and submitted invoices to Sears for the payment of $750,000 that would be due under Amendment 11 on January 1, 2005.

16. On January 18, 2005, Sears and BVTV concluded their negotiations and entered into Amendment 11 to the Syndication Agreement, as amended. Amendment 11 extended the term of the Syndication Agreement to August 31, 2007.

17. Pursuant to the Syndication Agreement, for the year September 2003 through August 2004, Sears is obligated, among other things, to pay BVTV certain incentive bonus payments of up to a maximum of $1,250,000. Sears has not fully accounted to BVTV for or paid to BVTV the entirety of the incentive bonus payment due for the year ended August 2004. Upon information and belief, the balance of the incentive bonus payment due to BVTV is approximately $500,000.

18. Pursuant to the Syndication Agreement, as most recently amended and in effect, Sears is obligated to pay to BVTV the guaranteed sums of $750,000 by January 1,

2005, $494,500 by March 1, 2005, $275,000 by August 1, 2005, plus, by August 1, 2005, a $200,000 advance against Revenue Sharing fees, with the balance of said Revenue Sharing fees to be estimated and paid by October 1, 2005. Similarly, for the year September 2006 through August 2007, Sears is obligated, among other things, to pay BVTV the guaranteed sums of $750,000 by January 1, 2006, $494,500 by March 1, 2006 , $275,000 by August 1, 2006, plus, by August 1, 2006, a $200,000 advance against Revenue Sharing fees, with the balance of said Revenue Sharing fees to be estimated and paid by October 1, 2006.

19. In February 2005, although the transaction with Kmart Holding had not been consummated or approved by shareholders of Sears and Kmart, and although Sears and BVTV had just recently entered into Amendment 11 to the Syndication Agreement, Kmart and SHLD caused Sears to advise BVTV that management of Kmart and SHLD wanted to change the Syndication Agreement, as amended and then in effect.

20. Although Sears and BVTV had just recently entered into Amendment 11 to the Syndication Agreement, because of the long and mutually successful relationship BVTV enjoyed with Sears, BVTV engaged in discussions with Sears for a possible further amendment to the Syndication Agreement, as amended and then in effect.

21. In the course of those discussions, Kmart and SHLD caused Sears to advise Vila that management of Kmart and SHLD also wanted to change the Spokesperson Agreement, as amended and then in effect.

22. Because of the long and mutually successful relationship Vila enjoyed with Sears, Vila engaged in discussions with Sears for a possible further amendment to the Spokesperson Agreement, as amended and then in effect.

23. When those discussions did not progress as SHLD and Kmart desired, SHLD and Kmart caused Sears to claim that Sears had not agreed with BVTV for the production of the television series *Home Again With Bob Vila* for the 2005-2006 season or any other future season.

24. SHLD and Kmart caused Sears to breach its Syndication Agreement, as amended, with BVTV and to refuse to pay BVTV the payments due BVTV pursuant to the Syndication Agreement, as amended, by January 1, 2005 and March 1, 2005 in the total amount of $1,244,500. Further, SHLD caused Sears to totally repudiate the Syndication Agreement and stated that Sears will not make any payments due BVTV in the future under the Syndication Agreement, as amended.

25. SHLD and Kmart also caused Sears to take the position that Sears' repudiation of the Syndication Agreement, as amended, entitled Sears to terminate the Spokesperson Agreement with Vila.

26. Pursuant to the Spokesperson Agreement, as amended, Sears is obligated to pay to Vila each year, one-half of the guaranteed compensation for that year on January 1 and the other half on July 1.

27. The guaranteed compensation owed to Vila for the year 2005 is $1,897,500. The guaranteed compensation to be paid to Vila for the years 2006-2009 is $9,686,926.

28. Sears made the payment due Vila on January 1, 2005 in the amount of $948,750.

7

29. SHLD and Kmart caused Sears to refuse to pay to Vila the guaranteed compensation due July 1, 2005 in the amount of $948,750.

## COUNT I
### (Breach of Contract)

30. Vila repeats the allegations contained in paragraphs 1 through 29, as though fully set forth herein.

31. By its failure and refusal to pay Vila the guaranteed compensation in the amount of $948,750 due Vila on July 1, 2005, Sears has breached its obligations to Vila pursuant to the Spokesperson Agreement.

32. As a direct and proximate result of Sears' breach of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, plus interest, costs and his attorneys' fees.

## COUNT II
### (Repudiation of Contract)

33. Vila repeats the allegations contained in paragraphs 1 through 32, as though fully set forth herein.

34. Upon information and belief, Sears has repudiated its future obligations to Vila pursuant to the Spokesperson Agreement.

35. As a direct and proximate result of Sears' repudiation of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be

8

determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

36. Vila repeats the allegations contained in paragraphs 1 through 35, as though fully set forth herein.

37. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement.

38. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT IV
### (Tortious Interference With Contract)

39. Vila repeats the allegations contained in paragraphs 1 through 38, as though fully set forth herein.

40. SHLD and Kmart knew of the Spokesperson Agreement, as amended, between Sears and Vila.

41. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with the Spokesperson Agreement with improper purpose or

9

by improper means, causing Sears to breach its obligations to Vila under the Spokesperson Agreement, as amended, to breach the implied covenant of good faith and fair dealing in the Spokesperson Agreement and to repudiate its future obligations to Vila under the Spokesperson Agreement.

42. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Spokesperson Agreement between Sears and Vila, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT V
### (Violation of M.G.L. 93A)

43. Vila repeats the allegations contained in paragraphs 1 through 42, as though fully set forth herein.

44. Vila, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A.

45. By their actions and conduct, Sears, SHLD and Kmart have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and 11.

46. As a direct and proximate result of Sears', SHLD's and Kmart's violations of M.G.L. c. 93A, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, trebled, but in no event, less than doubled, plus interest, costs and his attorneys' fees. Further, Vila will be damaged in a

10

further amount to be determined at trial, but, in no event less than $9,686,926,

trebled, but in no event, less than doubled, plus interest, costs and his attorneys'

fees.

## COUNT VI
### (Breach of Contract)

47. BVTV repeats the allegations contained in paragraphs 1 through 46, as though
fully set forth herein.

48. By its failure and refusal to pay BVTV the full, incentive bonus due for the year
ended August 31, 2004 and the guaranteed compensation past due BVTV, Sears
has breached its obligations to BVTV pursuant to the Syndication Agreement, as
amended.

49. As a direct and proximate result of Sears' breach of the Syndication Agreement,
BVTV has been damaged in an amount to be determined at trial, but, in no event
less than $1,744,500, plus interest, costs and its attorneys' fees.

## COUNT VII
### (Repudiation of Contract)

50. BVTV repeats the allegations contained in paragraphs 1 through 49, as though
fully set forth herein.

51. Sears has repudiated its future obligations to BVTV pursuant to the Syndication
Agreement.

52. As a direct and proximate result of Sears' repudiation of the Syndication
Agreement, BVTV has been damaged in an amount to be determined at trial, but,

11

in no event less than $1,744,500, plus interest, costs and its attorneys' fees, and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT VIII
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. BVTV repeats the allegations contained in paragraphs 1 through 52, as though fully set forth herein.

54. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Syndication Agreement.

55. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees. and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT IX
### (Tortious Interference With Contract)

56. BVTV repeats the allegations contained in paragraphs 1 through 55, as though fully set forth herein.

57. SHLD and Kmart knew of the Syndication Agreement, as amended, between Sears and BVTV.

58. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with that contract, with improper motive or by improper means, causing Sears to breach its obligations to BVTV under the Syndication Agreement, as amended, to breach the implied covenant of good faith and fair dealing inherent in the Syndication Agreement and to repudiate its future obligations to BVTV under the Syndication Agreement.

59. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Syndication Agreement between Sears and BVTV, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT X
### (Violation of M.G.L. c. 93A)

60. BVTV repeats the allegations contained in paragraphs 1 through 59, as though fully set forth herein.

61. BVTV, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A.

62. By their actions and conduct, Sears and SHLD have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and 11.

13

63. As a direct and proximate result of Sears', SHLD's and Kmart's violations of M.G.L. c. 93A, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, trebled, but in no event, less than doubled, plus interest, costs and its attorneys' fees. Further, BVTV will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, trebled, but in no event, less than doubled, plus interest, costs and its attorneys' fees.

<u>PRAYERS FOR RELIEF</u>

WHEREFORE, Robert J. Vila and B.V.T.V, Inc. respectfully request that this Court enter judgment, as follows:

A. Awarding Robert J. Vila damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $948,750, as a result of Sears, Roebuck and Co.'s breach of the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

B. Awarding Robert J. Vila damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $9,686,926, as a result of Sears, Roebuck and Co.'s repudiation of the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

C. Awarding Robert J. Vila damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $10,635,676, as a result of Sears, Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing

14

inherent in the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

D. Awarding Robert J. Vila damages against Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

E. Awarding Robert J. Vila damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, trebled, but, in no event less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holding Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and his attorneys' fees;

F. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $1,744,500, as a result of Sears, Roebuck and Co.'s breach of the Syndication Agreement, together with interest, costs and its attorneys' fees;

G. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $2,194,500, as a result of Sears, Roebuck and Co.'s repudiation of the Syndication Agreement, together with interest, costs and its attorneys' fees;

H. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears,

Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, together with interest, costs and its attorneys' fees;

I. Awarding B.V.T.V., Inc. damages against Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Syndication Agreement, together with interest, costs and its attorneys' fees;

J. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, trebled, but, in no event, less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holdings Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and its attorneys' fees;

K. Awarding Robert J. Vila and B.V.T.V., Inc. such other and further relief as this Court deems just and proper.

## JURY DEMAND

Robert J. Vila and B.V.T.V., Inc. hereby demand a jury as to all claims and issues so triable.

16

ROBERT J. VILA and B.V.T.V., INC.

By their attorney,

James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300
212 813 1907 (fax)

Dated: July 15, 2005

**COVER SHEET**

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Robert J. Vila and B.V.T.V., Inc. | Sears, Roebuck and Co., Sears Holdings Corporation, and Kmart Holding Corporation |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| James F. O'Brien, 410 Park Avenue, Suite 1530, New York, NY 10022 | Unknown |
| Board of Bar Overseers number: 375765 | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contracts | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................$............
2. Total Doctor expenses .........................................................$............
3. Total chiropractic expenses ....................................................$............
4. Total physical therapy expenses ...............................................$............
5. Total other expenses (describe) ................................................$............
   Subtotal $............

B. Documented lost wages and compensation to date ..................................$............
C. Documented property damages to date ...........................................$............
D. Reasonably anticipated future medical and hospital expenses ........................$............
E. Reasonably anticipated lost wages ...............................................$............
F. Other documented items of damages (describe)
   $............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $............
   TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Breaches and Repudiation of and tortious interference with contracts for personal services by Robert J. Vila and for production of television series by B.V.T.V., Inc.

(BVTV – $1,744,500+)
(Vila – $948,750+)

TOTAL $2,693,250+.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____James F. O'Brien_____   DATE: 7/18/05

AOTC-6 mtc005-11/99
A O.S.C. 1-2000

②

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. DUCV2005-0041

A True Copy,

Attest: *Joseph E. Sollitto Jr.*

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

ROBERT J. VILA and B.V.T.V., INC.    )
                                    )
                Plaintiffs,    332  )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )
SEARS, ROEBUCK AND CO.,             )
SEARS HOLDINGS CORPORATION          )
  and KMART HOLDING COPORATION      )
                Defendants.         )
_____)

7500
8

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), plaintiffs Robert J. Vila and B.V.T.V., Inc. hereby

move for an order specially appointing B. Keith Wheeler, Beacon Hill Research, Inc., 6

Beacon Street, Suite 825, Boston, Massachusetts 02108, a disinterested party over 18

years of age, to serve the Summons, Complaint and all other process and orders which

may be issued in this case.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney

James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300

Dated: July 15, 2005

(3)

(TO PLAINTIFF'S ATTORNEY:

PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER.)

COMMONWEALTH OF MASSACHUSETTS

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No. 05 /00041

Dukes County, ss.

ROBERT J. VILA and
B.V.T.V., INC.

_____ v. _____, (Plaintiff(s))

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION Defendant(s)

SUMMONS

To the above-named Defendant: Sears, Roebuck and Co.

You are hereby summoned and required to serve upon James F. O'Brien _____ plaintiff's
attorney, whose address is 410 Park Avenue, Suite 1530, New York, NY 10022 _____, an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse , Esquire, at Edgartown, the 18th day of
July , in the year of our Lord two thousand and FIVE

A True Copy,

Attest:

*Joseph E. Sollitto Jr.*   *Joseph E. Sollitto Jr.*

JOSEPH E. SOLLITTO, JR.        Clerk of Courts
CLERK OF COURTS

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY
JUL 2 6 RECD
2005

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

NOTES.

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the
     caption. If a separate summons is used for each defendant, each should be addressed to the
     particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on <u>July 19</u>, 20<u>05</u>, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

By delivering copies in hand to Yvette Concepcion of CT

Corporation System, registered agent of Sears, ROebuck and Co.

at 101 Federal Street, Boston, MA 02110

Dated: July 19   , 2005

Jim  LeBlanc
Appointed Special Process Server
Pursuant to MRCP4(c)

N. B.  TO PROCESS SERVER:-

PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
<u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

(                              )
(   July 19    , 20 05   )
(                              )

COMMONWEALTH OF MASSACHUSETTS

DUKES COUNTY, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

Plff.

v.

Dft.

SUMMONS
(Mass. R. Civ. P. 4)

(4)

(TO PLAINTIFF'S ATTORNEY:)    PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER.)

COMMONWEALTH OF MASSACHUSETTS

DEPARTMENT OF THE TRAIL COURT
Dukes County, ss.                                             SUPERIOR COURT
CIVIL ACTION
No. 05-41

ROBERT J. VILA and
B.V.T.V., INC.
_____ , (Plaintiff(s)
v.
SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION Defendant(s)

SUMMONS

To the above-named Defendant: Sears Holdings Corporation

You are hereby summoned and required to serve upon James F. O'Brien _____ plaintiff's
attorney, whose address is 410 Park Avenue, Suite 1530, New York, NY 10022 , an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse , Esquire, at Edgartown, the _____ 18th _____ day of
_____ July _____ , in the year of our Lord two thousand _____ and _____ Five

A True Copy,                         *Joseph E. Sollitto*  *Joseph E. Sollitto, Jr.*

Attest:                                                    Clerk of Courts

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY
AUG 04 RECD
2005

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the
    caption. If a separate summons is used for each defendant, each should be addressed to the
    particular defendant.

# Affidavit of Process Server

Robert J. Vita, et al _____ vs Sears Roebuck + Co, et al

PLAINTIFF/PETITIONER                    DEFENDANT/RESPONDENT            CASE #

Being duly sworn, on my oath, I _____ WALTER SCHWACH _____,
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served _____ Sears Holding Corporation _____
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☐ Subpoena with $ _____ witness fee and mileage

☒ Summons Complaint _____

by serving (NAME) _____ JEFFREY LOMAX – SEARS LEGAL DEPT. _____

at ☐ Home _____

☒ Business _____ SEARS – 3333 BEVERLY RD HOFFMAN ESTATES IL

☐ on (DATE) 7/22/05 _____ at (TIME) 10:00 AM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

from (CITY) _____ (STATE) _____.

**Manner of Service:**
☐ By Personal Service.
☒ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof,
namely _____ JEFFREY LOMAX – SEARS LEGAL DEPT.
☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers,
namely _____
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address     ☐ Evading     ☐ Other: _____
☐ Address Does Not Exist     ☐ Service Cancelled by Litigant _____
☐ Moved, Left no Forwarding     ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: ( ) _____ , ( ) _____
                                                DATE  TIME              DATE  TIME

( ) _____ , ( ) _____ , ( ) _____
  DATE  TIME          DATE  TIME          DATE  TIME

**Description:**
☒ Male     ☐ White Skin     ☒ Black Hair     ☐ White Hair     ☐ 14-20 Yrs.     ☐ Under 5'     ☐ Under 100 Lbs.
☐ Female   ☒ Black Skin     ☐ Brown Hair     ☐ Balding        ☐ 21-35 Yrs.     ☐ 5'0"-5'3"   ☐ 100-130 Lbs.
           ☐ Yellow Skin     ☐ Blond Hair                      ☒ 36-50 Yrs.     ☐ 5'4"-5'8"   ☐ 131-160 Lbs.
           ☐ Brown Skin     ☐ Gray Hair      ☐ Mustache       ☐ 51-65 Yrs.     ☐ 5'9"-6'0"   ☐ 161-200 Lbs.
☐ Glasses  ☐ Red Skin       ☐ Red Hair       ☐ Beard          ☐ Over 65 Yrs.   ☒ Over 6'    ☒ Over 200 Lbs.

OTHER IDENTIFYING FEATURES: _____

State of Illinois     County of Cook

_____
SERVED BY
LASALLE PROCESS SERVERS

Subscribed and sworn to before me,
a notary public, this 25 day of July, 20 05

NOTARY PUBLIC

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-17-2007

NARPS

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS.

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT
CIVIL ACTION NO. DUCV 2005-00041

---

ROBERT J. VILA and B.V.T.V., INC.,

    Plaintiffs,

v.

SEARS, ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,

    Defendants.

---

### NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Sears, Roebuck and Co. ("Sears Co."), Sears

Holdings Corporation (Sears Holding") and Kmart Holding Corporation ("Kmart Holding")

(collectively "Defendants"), have filed the attached Notice of Removal with the United States

District Court for the District of Massachusetts on August 17, 2005.

**RESPECTFULLY SUBMITTED:**
SEARS, ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION and KMART
HOLDING CORPORATION, Defendants,
By their attorneys:

A True Copy,

Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

Gary R. Greenberg, BBO #209420
A. John Pappalardo, BBO # 338760
Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG, LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

AUG 1 & RECD
2005

, Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT J. VILA and B.V.T.V., INC.,

     Plaintiffs,

v.

SEARS, ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,

     Defendants.

Civil Action No.

## NOTICE OF REMOVAL

     Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Sears, Roebuck and Co. ("Sears Co."), Sears Holdings Corporation (Sears Holdings") and Kmart Holding Corporation ("Kmart Holdings") (collectively "Defendants"), hereby petition this Honorable Court for the removal of this action from the Dukes County Superior Court of the Commonwealth of Massachusetts ("Dukes Superior Court") to the United States District Court for the District of Massachusetts based on the following facts:

     1.     On or about July 18, 2005, plaintiffs Robert J. Vila ("Vila") and B.V.T.V., Inc. ("BVTV") ( collectively "Plaintiffs"), commenced a civil action in the Dukes Superior Court styled Robert J. Vila and B.V.T.V., Inc. v. Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation, Dukes County Superior Court Civil Action No. DUCV 2005-00041, by filing a Complaint seeking substantial monetary damages from Defendants.

     2.     On or about July 19, 2005, TSI's registered agent in Massachusetts for service of process, CT Corporation, received a copy of, *inter alia*, the Summons and Complaint in this

matter which had previously been filed on July 18, 2005 in Dukes Superior Court in Edgartown, Massachusetts.

3.    The following documents represent all processes, pleadings, and orders Defendants are aware of to date:

> (a)    Summons to Defendant Sears, Roebuck and Co.;
>
> (b)    Civil Action Cover Sheet;
>
> (c)    Complaint;
>
> (d)    Motion to Appoint Special Process Server; and
>
> (e)    Order allowing Motion to Appoint Special Process Server.

Copies of the foregoing documents, with the exception of the civil action cover sheet, are attached hereto as Exhibit A.

4.    This action is an action in which this Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332, in that:

> (a)    the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and
>
> (b)    both Plaintiffs, on the one hand, and Defendants, on the other hand, are

citizens of different states. Plaintiff Vila is an individual residing in Chilmark, Massachusetts and Plaintiff BVTV is a Massachusetts Corporation with a principal place of business in Boston, Massachusetts. Defendant Sears Co., is a New York corporation with a principal place of business in Hoffman Estates, Illinois; defendant Sears Holdings is a Delaware Corporation with a principal place of business in Hoffman Estates, Illinois; and defendant Kmart Holdings is a Delaware corporation with a principal place of business in Troy, Michigan.

5.    In particular, Plaintiffs, in the Complaint allege damages ranging between $948,750 and $10,635,676.

6.    This Notice of Removal is filed within thirty (30) days of service of the Complaint.

7.    A copy of this Notice of Removal addressed to the Dukes Superior Court and a separate Notice of the filing of the same will be served today, by overnight mail, on Plaintiffs' counsel, and will be filed within seven (7) days, pursuant to 28 U.S.C. § 1447(d), with the Dukes Superior Court.

8.    Pursuant to Local Rule 81.1(a), Petitioners will request from the clerk of the Dukes Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, defendants Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation, respectfully remove the above-captioned action pending in the Dukes County Superior Court of Massachusetts to this Court.

**RESPECTFULLY SUBMITTED:**
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION and KMART HOLDING CORPORATION, Defendants,
By their attorneys:

Gary R. Greenberg, BBO #209420
A. John Pappalardo, BBO # 338760
Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG, LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

DATED:  August 17, 2005

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on August 17, 2005, I served a copy of the foregoing by overnight mail, postage-prepaid upon:

James F. O'Brien, Esq.
410 park Avenue, Suite 1530
New York, NY 10022

Annapoorni R. Sankaran

(A)

PLEASE CIRCLE TYPE OF ACTION INVOLVED
TORT — MOTOR VEHICLE TORT — CONTRACT
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

Dukes Count   ss.

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No.

ROBERT J. VILA and
B.V.T.V., INC.
_____ v. _____, (Plaintiff(s,
SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION(Defendant(s)

### SUMMONS

To the above-named Defendant   Sears, Roebuck and Co.

You are hereby summoned and required to serve upon James F. O'Brien _____ plaintiff's
attorney, whose address is 410 Park Avenue, Suite 1530, New York, NY 10022 _____, an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse   , Esquire, at Edgartown, the ___18th___ day of
___July___ in the year of our Lord two thousand ___and___ ___Five___

Clerk of Courts

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

## NOTES

This summons is issued pursuant to Rule 4 of the Massachusetts Rule  f Civil Procedure
When more than one defendant is involved, the names of all defe  ants should appe..
caption. If a separate summons is used for each defendant, each              lressed
particular defendant.

## COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. _____ _____

ROBERT J. VILA and B.V.T.V., INC

                    Plaintiffs,       )
                                    )
                                    )
v.                                      )
                                    )

SEARS, ROEBUCK AND CO.,     )
SEARS HOLDINGS CORPORATION
and KMART HOLDING COPORATION
                    Defendants.
                                    )

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), plaintiffs Robert J. Vila and B.V.T.V., Inc. hereby

move for an order specially appointing B. Keith Wheeler, Beacon Hill Research, Inc., 6

Beacon Street, Suite 825, Boston, Massachusetts 02108, a disinterested party over 18

years of age, to serve the Summons, Complaint and all other process and orders which

may be issued in this case.

                               ROBERT J. VILA and B.V.T.V., INC

                               By their attorney

                               *James F. O'Brien*

                               James F. O'Brien (BBO # 375765)
                               410 Park Avenue, Suite 1530
                               New York, New York 10022
                               212 813 9300

Dated: July 15, 2005



SENT BY: JAMES F. OBRIEN;    212 813 1907;    JUL-19-05 1:05PM;    PAGE 2/3

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.    SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05CV 3405-00041

ROBERT J. VILA and B.V.T.V., INC.

Plaintiffs,

v.

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION
and KMART HOLDING CORPORATION
Defendants.

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), plaintiffs Robert J. Vila and B.V.T.V., Inc. hereby

move for an order specially appointing B. Keith Wheeler, Beacon Hill Research, Inc., 6

Beacon Street, Suite 825, Boston, Massachusetts 02108, a disinterested party over 18

years of age, to serve the Summons, Complaint and all other process and orders which

may be issued in this case.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney

James F. O'Brien (BBO# 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300

Dated: July 15, 2005

Rx Date/Time     JUL-19-2005(TUE) 12:12              212 813 1907                              P. 003
SENT BY: JAMES F OBRIEN;                    212 813 1907;        JUL-19-05    35PM;    PAGE 3/3
                                                                NO.017    P.3

# Commonwealth of Massachusetts
## County of Dukes
### The Superior Court

Civil Docket DUCV2005-00041

RE:   Vila et al v Sears, Roebuck and Co. et al

TO:   James F O'Brien, Esquire
      410 Park Avenue, Suite 1530
      New York, NY 10022-3333

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 07/19/2005:

RE: *Plaintiff Robert J Vila's MOTION to Appoint Special Process Server*

is as follows:

MOTION (P#2, Motion to Appoint Special Process Server) ALLOWED (Gary A Nickerson, Justice) Notices mailed July 19, 2005

Dated at Edgartown, Massachusetts this 19th day of July, 2005.

Joseph E. Sollitto, Jr.,
Clerk of the Courts

BY:

Paula L. Berube-Devaney
Assistant Clerk

Telephone: (508) 627-4668

Copies mailed 07/19/2005

COMMONWEALTH OF MASSACHUSETTS

DUKES, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

---

ROBERT J. VILA and B.V.T.V., INC.　　)

Plaintiffs,

　　　　　　　　　　　　　　　　)

v.

　　　　　　　　　　　　　　　　)

SEARS, ROEBUCK AND CO.,
SEARS HOLDINGS CORPORATION
and KMART HOLDING COPORATION
Defendants.

---

## COMPLAINT

This is an action by plaintiffs Robert J. Vila and B.V.T.V., Inc. seeking to recover damages and other relief from defendants Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation in connection with the repudiation of and breaches by Sears, Roebuck and Co. of a contract with Robert J. Vila to act as spokesperson for certain products of Sears, Roebuck and Co. and of a contract with B.V.T.V., Inc. for the production of the nationally syndicated television series known as *Home Again With Bob Vila.* In particular, Robert J. Vila seeks the recovery of amounts due and to become due pursuant to his Spokesperson Agreement with Sears, Roebuck and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due

to their tortious interference with the Spokesperson Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants' willful violations of M.G.L. c. 93A, §§2 and    , together with interest, costs and attorneys' fees. B.V.T.V., Inc. seeks the recovery of amounts due and to become due pursuant to its Syndication Agreement with Sears, Roebuck and Co., damages from Sears Holdings Corporation and Kmart Holding Corporation due to their tortious interference with the Syndication Agreement and an award of damages from Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation due to their bad faith and unfair and deceptive conduct, trebled on account of defendants' willful violation of M.G.L. c. 93A, §§2 and    , together with interest, costs and attorneys' fees.

### THE PARTIES

Plaintiff Robert J Vila ("Vila") is a citizen of the Commonwealth of Massachusetts with a residence in Chilmark, Massachusetts. Continuously since 1989, Vila has been the national spokesperson for certain products marketed and sold by defendant Sears, Roebuck and Co.

2   Plaintiff B.V.T.V., Inc ("BVTV") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 115 Kingston Street, Boston, Massachusetts. Continuously since 1989, BVTV has been the producer of the nationally syndicated television series known

as *Home Again With Bob Vila*, which series has been paid for and sponsored by Sears, Roebuck and Co.

3.    Defendant Sears, Roebuck and Co. ("Sears" is a corporation organized and existing under the laws of the State of New York with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois. At all times material hereto, Sears has been one of the nation's largest retailers of merchandise, including so-called home improvement products.

4.    Defendant Sears Holdings Corporation ("SHLD") is a corporation organized in 2004 and existing under the laws of the State of Delaware with a principal place of business at 3333 Beverly Road., Hoffman Estates, Illinois

5.    Defendant Kmart Holding Corporation ("Kmart") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3100 West Big Beaver Road, Troy, Michigan.

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction with respect to defendants Sears, SHLD and Kmart pursuant to M.G.L. c. 223A, §3 because Sears transacts business within the Commonwealth of Massachusetts and SHLD and Kmart have caused tortious injury in the Commonwealth of Massachusetts.

7.    This Court has jurisdiction with respect to the subject matter of this action pursuant to M.G.L. c. 212, §4 and c. 93A, §11

8.    Venue is proper in this county under M.G.L. c. 223, §1, §8.

## FACTS

9.  On or about September 29, 1985, Sears entered into an agreement with Vila, whereby Vila was to render professional services as a spokesperson, participant and performer in connection with the advertising of Sears' products by way of, among other things, television and radio commercials, videos, still photographs and personal appearances (the "Spokesperson Agreement")

10. The Spokesperson Agreement has been extended and amended by the parties numerous times and currently is due to expire on December 31, 2009. Since 1989, Vila has performed and continues to perform his obligations to Sears pursuant to the Spokesperson Agreement, as amended.

11. On or about September 29, 1985, Sears entered into an agreement with BVTV, whereby BVTV was to produce and deliver to Sears a series of home improvement television programs to be paid for and sponsored by Sears (the "Syndication Agreement").

12. The Syndication Agreement has been extended and amended by the parties numerous times. Negotiations for the most recent amendment to the Syndication Agreement (Amendment 11) took place from March 2004 to January 18, 2005. On January 18, 2005, Amendment 11 to the Syndication Agreement was entered into by the parties. The Syndication Agreement, as amended, is currently due to expire on August 31, 2007. Since 1989, BVTV has performed and continues to perform its obligations to Sears pursuant to the Syndication Agreement, as amended.

On or about November 17, 2004, while negotiations for Amendment 11 of the Syndication Agreement were ongoing, Sears announced a transaction whereby, subject to, among other things, shareholder approval by the shareholders of Kmart and Sears, Kmart would acquire Sears and combine the two companies into a major new retail company

4. In anticipation of that transaction, on November 23, 2004, Kmart formed SHLD in the State of Delaware.

15. Pursuant to the course of conduct established by Sears and BVTV over the fifteen years of their relationship, in December 2004, BVTV began preproduction activities for the September 2005 – August 2006 season of the television series and submitted invoices to Sears for the payment of $750,000 that would be due under Amendment   on January 1, 2005.

16. On January  8, 2005, Sears and BVTV concluded their negotiations and entered into Amendment    to the Syndication Agreement, as amended. Amendment  1 extended the term of the Syndication Agreement to August 31, 2007.

7. Pursuant to the Syndication Agreement, for the year September 2003 through August 2004, Sears is obligated, among other things, to pay BVTV certain incentive bonus payments of up to a maximum of $1,250,000. Sears has not fully accounted to BVTV for or paid to BVTV the entirety of the incentive bonus payment due for the year ended August 2004. Upon information and belief, the balance of the incentive bonus payment due to BVTV is approximately $500,000.

18. Pursuant to the Syndication Agreement, as most recently amended and in effect, Sears is obligated to pay to BVTV the guaranteed sums of $750,000 by January 1

2005, $494,500 by March 1, 2005, $275,000 by August  , 2005, plus, by August

2005, a $200,000 advance against Revenue Sharing fees, with the balance of

said Revenue Sharing fees to be estimated and paid by October    2005

Similarly, for the year September 2006 through August 2007, Sears is obligated,

among other things, to pay BVTV the guaranteed sums of $750,000 by January

2006, $494,500 by March  , 2006 , $275,000 by August 1, 2006, plus, by August

, 2006, a $200,000 advance against Revenue Sharing fees, with the balance of

said Revenue Sharing fees to be estimated and paid by October    2006

9. In  'ebruary 2005, although the transaction with Kmart Holding had not been

consummated or approved by shareholders of Sears and Kmart, and although

Sears and BVTV had just recently entered into Amendment     to the Syndication

Agreement, Kmart and SHLD caused Sears to advise BVTV that management of

Kmart and SHLD wanted to change the Syndication Agreement, as amended and

then in effect

20. Although Sears and BVTV had just recently entered into Amendment  1   to the

Syndication Agreement, because of the long and mutually successful relationship

BVTV enjoyed with Sears, BV V engaged in discussions with Sears for a

possible further amendment to the Syndication Agreement, as amended and then

in effect

21. In the course of those discussions, Kmart and SHLD caused Sears to advise Vila

that management of Kmart and SHLD also wanted to change  the Spokesperson

Agreement, as amended and then in effect

22. Because of the long and mutually successful relationship Vila enjoyed with Sears, Vila engaged in discussions with Sears for a possible further amendment to the Spokesperson Agreement, as amended and then in effect.

23. When those discussions did not progress as SHLD and Kmart desired, SHLD and Kmart caused Sears to claim that Sears had not agreed with BVTV for the production of the television series *Home Again With Bob Vila* for the 2005-2006 season or any other future season.

24. SHLD and Kmart caused Sears to breach its Syndication Agreement, as amended, with BVTV and to refuse to pay BVTV the payments due BVTV pursuant to the Syndication Agreement, as amended, by January  , 2005 and March   , 2005 in the total amount of  $1,244,500. Further, SHLD caused Sears to totally repudiate the Syndication Agreement and stated that Sears will not make any payments due BVTV in the future under the Syndication Agreement, as amended.

25. SHLD and Kmart also caused Sears to take the position that Sears' repudiation of the Syndication Agreement, as amended, entitled Sears to terminate the Spokesperson Agreement with Vila.

26. Pursuant to the Spokesperson Agreement, as amended, Sears is obligated to pay to Vila each year, one half of the guaranteed compensation for that year on January   and the other half on July 1

27. The guaranteed compensation owed to Vila for the year 2005 is $1,897,500. The guaranteed compensation to be paid to Vila for the years 2006-2009 is $9,686,926.

28. Sears made the payment due Vila on January 1, 2005 in the amount of $948,750.

29. SHLD and Kmart caused Sears to refuse to pay to Vila the guaranteed compensation due July   , 2005 in the amount of $948,750.

### COUNT I
(Breach of Contract)

30. Vila repeats the allegations contained in paragraphs   through 29, as though fully set forth herein.

31. By its failure and refusal to pay Vila the guaranteed compensation in the amount of $948,750 due Vila on July   , 2005, Sears has breached its obligations to Vila pursuant to the Spokesperson Agreement.

32. As a direct and proximate result of Sears' breach of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, plus interest, costs and his attorneys' fees.

### COUNT II
(Repudiation of Contract)

33. Vila repeats the allegations contained in paragraphs   through 32, as though fully set forth herein.

34. Upon information and belief, Sears has repudiated its future obligations to Vila pursuant to the Spokesperson Agreement.

35. As a direct and proximate result of Sears' repudiation of the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be

determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

### COUNT III
#### (Breach of Implied Covenant of Good Faith and Fair Dealing)

36. Vila repeats the allegations contained in paragraphs 1 through 35, as though fully set forth herein.

37. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement.

38. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Spokesperson Agreement, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750, and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

### COUNT IV
#### (Tortious Interference With Contract)

39. Vila repeats the allegations contained in paragraphs through 38, as though fully set forth herein.

40. SHLD and Kmart knew of the Spokesperson Agreement, as amended, between Sears and Vila.

41. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with the Spokesperson Agreement with improper purpose or

by improper means, causing Sears to breach its obligations to Vila under the Spokesperson Agreement, as amended, to breach the implied covenant of good faith and fair dealing in the Spokesperson Agreement and to repudiate its future obligations to Vila under the Spokesperson Agreement.

42. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Spokesperson Agreement between Sears and Vila, Vila has been damaged in an amount to be determined at trial, but, in no event less than $948,750 and will be damaged in a further amount to be determined at trial, but, in no event less than $9,686,926, plus interest, costs and his attorneys' fees.

## COUNT V
### (Violation of M.G.L. 93A)

43. Vila repeats the allegations contained in paragraphs 1 through 42, as though fully set forth herein.

44. Vila, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A.

45. By their actions and conduct, Sears, SHLD and Kmart have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and

46. As a direct and proximate result of Sears', SHLD's and Kmart's violations of M.G.L. c. 93A, Vila has been damaged in an amount to be determined at trial but, in no event less than $948,750, trebled, but in no event, less than doubled, plus interest, costs and his attorneys' fees. Further, Vila will be damaged in a

further amount to be determined at trial, but, in no event less than **$9,686,926,** trebled, but in no event, less than doubled, plus interest, costs and his attorneys' fees.

## COUNT VI
### (Breach of Contract)

47. BVTV repeats the allegations contained in paragraphs 1 through 46, as though fully set forth herein.

48. By its failure and refusal to pay BVTV the full, incentive bonus due for the year ended August 31, 2004 and the guaranteed compensation past due BVTV, Sears has breached its obligations to BVTV pursuant to the Syndication Agreement, as amended.

49. As a direct and proximate result of Sears' breach of the Syndication Agreement, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees.

## COUNT VII
### (Repudiation of Contract)

50. BVTV repeats the allegations contained in paragraphs 1 through 49, as though fully set forth herein.

51. Sears has repudiated its future obligations to BVTV pursuant to the Syndication Agreement.

52. As a direct and proximate result of Sears' repudiation of the Syndication Agreement, BVTV has been damaged in an amount to be determined at trial, but,

11

in no event less than $1,744,500, plus interest, costs and its attorneys' fees, and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT VIII
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. BVTV repeats the allegations contained in paragraphs  through 52, as though fully set forth herein.

54. By its actions and conduct, Sears has breached the implied covenant of good faith and fair dealing inherent in the Syndication Agreement.

55. As a direct and proximate result of Sears' breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees. and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500 plus interest, costs and its attorneys' fees.

## COUNT IX
### (Tortious Interference With Contract)

56. BVTV repeats the allegations contained in paragraphs 1 through 55, as though fully set forth herein.

57. SHLD and Kmart knew of the Syndication Agreement, as amended, between Sears and BVTV.

2

58. SHLD and Kmart, without any right or privilege to do so, intentionally and tortiously interfered with that contract, with improper motive or by improper means, causing Sears to breach its obligations to BVTV under the Syndication Agreement, as amended, to breach the implied covenant of good faith and fair dealing inherent in the Syndication Agreement and to repudiate its future obligations to BVTV under the Syndication Agreement.

59. As a direct and proximate result of SHLD's and Kmart's tortious interference with the Syndication Agreement between Sears and BVTV, BVTV has been damaged in an amount to be determined at trial, but, in no event less than $1,744,500, plus interest, costs and its attorneys' fees and will be damaged in a further amount to be determined at trial, but, in no event less than $2,194,500, plus interest, costs and its attorneys' fees.

## COUNT X
### (Violation of M.G.L. c. 93A)

60. BVTV repeats the allegations contained in paragraphs 1 through 59, as though fully set forth herein.

61. BVTV, Sears, SHLD and Kmart are engaged in trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L. c. 93A

62. By their actions and conduct, Sears and SHLD have knowingly and intentionally engaged in unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §§2 and

63 As a direct and proximate result of Sears  SHLD's and Kmart's violations of
M.G.L. c. 93A, BVTV has been damaged in an amount to be determined at trial,
but, in no event less than $1,744,500, trebled, but in no event, less than doubled,
plus interest, costs and its attorneys' fees  urther, BV V will be damaged in a
further amount to be determined at trial, but, in no event less than $2,194,500,
trebled, but in no event, less than doubled, plus interest, costs and its attorneys
fees

## PRAYERS FOR RELIEF

WHEREFORE, Robert J. Vila and B.V.T.V, Inc. respectfully request that this Court enter
judgment, as follows:

A  Awarding Robert J. Vila damages against Sears, Roebuck and Co. in an amount to
be determined at trial, but in no event less than $948,750, as a result of Sear
Roebuck and Co.'s breach of the Spokesperson Agreement, together with interest,
costs and his attorneys' fees;

B  Awarding Robert   Vila damages against Sears, Roebuck and Co. in an amount to
be determined at trial, but in no event less than $9,686,926, as a result of Sears,
Roebuck and Co.'s repudiation of the Spokesperson Agreement, together with
interest, costs and his attorneys' fees;

C  Awarding Robert J Vila damages against Sears, Roebuck and Co. in an amount to
be determined at trial, but in no event less than $10,635,676, as a result of Sears,
Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing

4

inherent in the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

D. Awarding Robert J. Vila damages against Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Spokesperson Agreement, together with interest, costs and his attorneys' fees;

E. Awarding Robert J. Vila damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation in an amount to be determined at trial, but in no event less than $10,635,676, trebled, but, in no event less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holding Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and his attorneys' fees;

F. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $1,744,500, as a result of Sears, Roebuck and Co.'s breach of the Syndication Agreement, together with interest, costs and its attorneys' fees;

G. Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $2,194,500, as a result of Sears, Roebuck and Co.'s repudiation of the Syndication Agreement, together with interest, costs and its attorneys' fees;

Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co. in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears,

Roebuck and Co.'s breach of the implied covenant of good faith and fair dealing inherent in the Syndication Agreement, together with interest, costs and its attorneys' fees;

I.   Awarding B.V.T.V., Inc. damages against Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, as a result of Sears Holdings Corporation's and Kmart Holding Corporation's tortious interference with the Syndication Agreement, together with interest, costs and its attorneys' fees;

J.   Awarding B.V.T.V., Inc. damages against Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation, in an amount to be determined at trial, but in no event less than $3,939,000, trebled, but, in no event, less than doubled, as a result of Sears, Roebuck and Co.'s, Sears Holdings Corporation's and Kmart Holding Corporation's unfair and deceptive conduct in violation of M.G.L. c. 93A, together with interest, costs and its attorneys' fees;

K.   Awarding Robert J. Vila and B.V. V., Inc. such other and further relief as this Court deems just and proper.

## JURY DEMAND

Robert J. Vila and B.V. V., Inc. hereby demand a jury as to all claims and issues so triable.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney

James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300

Dated: July 15, 2005                    212 813 1907 (fax)

7