UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11717 REK

ROBERT J. VILA and B.V.T.V., INC. )
        Plaintiffs, )
)
v. )
)
SEARS, ROEBUCK AND CO., )
SEARS HOLDINGS CORPORATION )
and KMART HOLDING COPORATION )
        Defendants. )

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs Robert J. Vila and B.V.T.V., Inc., by their attorney, hereby submit the following initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1).

The information contained herein is based upon information presently reasonably available to Plaintiffs. Plaintiffs' investigation is ongoing and may reveal additional information. Plaintiffs reserve the right to revise and supplement these disclosures.

    A.    **Witnesses.**

The following are likely to have discoverable information relevant to the claims and counterclaim in this matter:

    1.    <u>Ronald E. Feiner, Esq.</u>, Kaufmann, Feiner, Yamin, Gildin & Robbins LLP, 777 Third Avenue, New York, NY 10017, 212 755 3100. Mr. Feiner has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication

Agreements, the established course of conduct and custom and practices of plaintiffs and defendant Sears, Roebuck and Co. and the events giving rise to this action.

2. Robert J. Vila, Chilmark MA. Mr. Vila is a plaintiff and is the president of plaintiff B.V.T.V., Inc. Mr. Vila has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements, the established course of conduct and custom and practices of plaintiffs and defendant Sears, Roebuck and Co. and the events giving rise to this action.

3. Melissa Marchand, BV Webties LLC, 115 Kingston Street, Boston, MA 02110. Ms Marchand has knowledge regarding the efforts expended from August 23, 2005 to change references to *Bob Vila's Home Again* to delete the words "Home Again" in printed and electronic media advertising and/or promoting the television series for the 2005-2006 viewing season.

4. Andy Ginger. Illinois. More specific address presently unknown. Mr. Ginger is a former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements, the established course of conduct and custom and practices of plaintiffs and defendant Sears, Roebuck and Co. and the events giving rise to this action.

5. Drew Farkas, Esq. Address presently unknown. Mr. Farkas is a present or former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements, the course of conduct and custom and practices of plaintiffs and defendant Sears, Roebuck and Co. and the events giving rise to this action.

6. Mark P. Rode. Address presently unknown. Mr. Rode is a present or former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements and the events giving rise to this action.

7. Fred Ciba. Address presently unknown. Mr. Ciba is a present or former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the implementation of the Spokesperson and Syndication Agreements and the events giving rise to this action.

8. Richard Anderson. Address presently unknown. Mr. Anderson is a present or former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the calculation and payment of incentive bonus payments under the Syndication Agreement and the events giving rise to this action.

9. Luis Padilla. Address presently unknown. Mr. Padilla is a present or former employee of defendant Sears, Roebuck and Co. and has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements and the events giving rise to this action.

10. Robert W. Rathke, Esq. Address presently unknown. Mr. Rathke is a present or former employee of defendant Sears Holdings Corporation and has knowledge regarding the attempted renegotiation and implementation of the Spokesperson and Syndication Agreements and the events giving rise to this action.

11. Michael W. Kier, Esq. Address presently unknown. Mr. Kier is an employee of defendant Sears Holdings Corporation and has knowledge regarding the purported cancellation of the television series *Bob Vila's Home Again* and the purported termination of the Spokesperson Agreement and the events giving rise to defendant Sears, Roebuck and Co.'s counterclaims.

12. Aylwin B. Lewis. Address presently unknown. Mr. Lewis is a an employee of defendant Sears Holdings Corporation and has knowledge regarding the negotiation and implementation of the Spokesperson and Syndication Agreements and the events giving rise to this action and the events giving rise to defendant Sears, Roebuck and Co.'s counterclaims.

**B.     Documents.**

Plaintiffs may use the documents Bates stamped P 0000001 through P 0000327 and simultaneously produced herewith to defendants to support their claims and defenses.

**C.     Calculation of Damages.**

Plaintiff Robert J. Vila is entitled to $948,750 due July 1, 2005 under the Spokesperson Agreement.

Plaintiff Robert J. Vila is entitled to an additional $9,686,926 to become due as guaranteed compensation under the Spokesperson Agreement repudiated by defendant Sears, Roebuck and Co..

Plaintiff B.V.T.V., Inc. is entitled to no less than $2,169,500 under the Syndication Agreement as guaranteed compensation and for unpaid incentive bonus payments.

Plaintiff B.V.T.V., Inc. is entitled to no less than $1,719,500 to become due under the Syndication Agreement as guaranteed compensation and for unpaid incentive bonus payments.

In addition, both plaintiffs are entitled to recover:

1. <u>Prejudgment Interest</u>.  Plaintiffs are entitled to recover prejudgment interest at the statutory rate of 12% per annum.

2. <u>Attorneys' Fees and Costs</u>.  Plaintiffs are entitled to recover their attorney fees and costs pursuant to M.G.L. c.93A and M.G.L. c. 231§ 6F.

3. <u>Multiple Damages</u>.  Plaintiffs are entitled to treble, but, in no event less than double, plaintiffs' actual damages pursuant to M.G.L. c.93A.

4

**D.     Insurance Policy.**

Plaintiffs are presently unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney,

*James F. O'Brien*
James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300
212 813 1907 (fax)

Dated: October 20, 2005

CERTIFICATE OF SERVICE

I, James F. O'Brien, counsel for plaintiffs, hereby certify that on October 20, 2005 I served a true copy of the foregoing Plaintiff's Reply to Counterclaim upon Anna Sankaran, Esq., Greenberg, Traurig LLP, One International Place, Boston, MA 02110 counsel for defendants by overnight mail, postage prepaid.

*James F. O'Brien*
James F. O'Brien

5