UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11717 REK

ROBERT J. VILA and B.V.T.V., INC. )
)
       Plaintiffs, )
)
v. )
)
SEARS, ROEBUCK AND CO., )
SEARS HOLDINGS CORPORATION )
and KMART HOLDING COPORATION )
       Defendants. )

## PLAINTIFFS' REPLY TO AMENDED COUNTERCLAIM OF DEFENDANT SEARS, ROEBUCK AND CO.

1. Plaintiffs Robert J. Vila ("Vila") and B.V.T.V., Inc. (BVTV) deny the factual allegations contained in paragraph 1 of the Counterclaim of Defendant Sears, Roebuck and Co. ("Sears").

2. Plaintiffs admit the allegations contained in the first sentence of paragraph 2 of Sears' Amended Counterclaim. Plaintiffs admit that, prior to its acquisition by Defendant Kmart Holding Corporation, Sears was one of the most famous and long established retailers in the United States and that Sears was "an American institution". Plaintiffs deny the remaining allegations contained in paragraph 2 of Sears' Amended Counterclaim.

3. Plaintiffs admit the allegations contained in paragraph 3 of Sears' Amended Counterclaim.

4. Plaintiffs admit the allegations contained in paragraph 4 of Sears' Amended Counterclaim.

5. Paragraph 5 of Sears' Amended Counterclaim contain conclusions of law, rather than allegations of fact, and no response is required.

6. Paragraph 6 of Sears' Amended Counterclaim contain conclusions of law, rather than allegations of fact, and no response is required.

7. Plaintiffs admit that on or about September 29, 1989, BVTV entered into the Syndication Agreement with Sears. Plaintiffs reply that the Spokesperson Agreement speaks for itself.

8. Plaintiffs reply that the Spokesperson Agreement speaks for itself.

9. Plaintiffs admit the allegations of the first sentence of paragraph 9 of Sears' Amended Counterclaim. Further replying, Plaintiffs reply that the Syndication Agreement was amended eleven (11) times. Plaintiffs deny that HOME AGAIN is a trademark in which Sears owns all right, title and interest. As to the remaining allegations contained in paragraph 9 of Sears' Amended Counterclaim, Plaintiffs say that the Spokesperson Agreement and the amendments thereto speak for themselves.

10. Plaintiffs deny that the tenth amendment is the most recent iteration of the Syndication Agreement. Plaintiffs reply that the Spokesperson Agreement and the amendments thereto speak for themselves.

11. Plaintiffs admit that the home improvement television series entitled, initially, *Home Again With Bob Vila* and, later, *Bob Vila's Home Again*, has been broadcast since 1990. Plaintiffs deny that the television series entitled *Bob Vila's Home Again* is currently syndicated nationwide. Plaintiffs admit that certain videos containing copies of past

episodes of the television series are entitled with the words "Home Again" together with other words, including, but not limited to, "Bob Vila" and "Bob Vila's". Plaintiffs deny the remaining allegations contained in paragraph 11 of Sears' Amended Counterclaim.

12. Plaintiffs deny the allegations contained in paragraph 12 of Sears' Amended Counterclaim.

13. Plaintiffs admit that BVTV began production in early 2005 of the television series for the 2005-2006 viewing season entitled *Bob Vila's Home Again* in accordance with the terms of the Syndication Agreement, as amended, and in accordance with the custom and practice of Sears and BVTV established over the fifteen years of their relationship. Plaintiffs deny that a television series entitled *Bob Vila's Home Again* for the 2005-2006 viewing season is airing. Plaintiffs further reply that the television series now airing for the 2005-2006 viewing season does not bear or use the words "Home Again". Plaintiffs deny that that television series bears or uses any trademark owned by Sears. Plaintiffs deny the remaining allegations contained in paragraph 13 of Sears' Amended Counterclaim.

14. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Sears' Amended Counterclaim and, therefore, deny the same.

## COUNT I

15. Denied.

16. Denied.

17. Denied.

## COUNT II

18. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-17 of Sears' Amended Counterclaim, as though fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

## COUNT III

22. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-21 of Sears' Amended Counterclaim, as though fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT IV

27. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-26 of Sears' Amended Counterclaim, as though fully set forth herein.

28. Denied.

29. Denied.

## COUNT V

30. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-29 of Sears' Amended Counterclaim, as though fully set forth herein.

31. Paragraph 31 of Sears' Counterclaim contain conclusions of law, rather than allegations of fact, and no response is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT VI

36. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-35 of Sears' Amended Counterclaim, as though fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

## COUNT VII

40. Plaintiffs repeat their replies to the allegations contained in paragraphs 1-39 of Sears' Amended Counterclaim, as though fully set forth herein.

41. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Sears' Amended Counterclaim and, therefore, deny the same.

42. Denied.

## FIRST AFFIRMATIVE DEFENSE

Sears' Counterclaim and each Count thereof fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Sears is estopped by its actions and conduct and can recover nothing from Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Sears' Counterclaim and each Count thereof are barred by the express terms of the Syndication Agreement between Sears and BVTV and the express terms of the Spokesperson Agreement between Sears and Vila.

## FOURTH AFFIRMATIVE DEFENSE

Sears' breaches of the Syndication Agreement excuse further performance by BVTV under the Syndication Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Sears has no protectable interest in the alleged trademark because the words "Home Again" are generic, merely descriptive or functional.

## SIXTH AFFIRMATIVE DEFENSE

The words "Home Again" have no secondary meaning and there is no likelihood of confusion with Sears' products.

## SEVENTH AFFIRMATIVE DEFENSE

The words "Home Again" are not associated by the public with Sears or any of Sears' products.

### EIGHTH AFFIRMATIVE DEFENSE

Upon notification by Sears of its objection to the use of the alleged trademark, HOME AGAIN, Plaintiffs, without admitting that Sears has any ownership interest in the alleged trademark, ceased use of the words "Home Again" in connection with the production and distribution of the television series.

WHEREFORE, Plaintiffs Robert J. Vila and B.V.T.V., Inc. respectfully request that the Counterclaim of Defendant Sears, Roebuck and Co. be dismissed and that Plaintiffs recover their costs and attorney's fees.

ROBERT J. VILA and B.V.T.V., INC.

By their attorney,

*/s/ James F. O'Brien*
James F. O'Brien (BBO # 375765)
410 Park Avenue, Suite 1530
New York, New York 10022
212 813 9300
212 813 1907 (fax)

Dated: November 2, 2005

### CERTIFICATE OF SERVICE

I, James F. O'Brien, counsel for plaintiffs, hereby certify that on November 2, 2005 I served a true copy of the foregoing Plaintiff's Reply to Counterclaim upon Anna Sankaran, Esq., Greenberg, Traurig LLP, One International Place, Boston, MA 02110 counsel for defendants by overnight mail, postage prepaid.

*/s/ James F. O'Brien*
James F. O'Brien