UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. VILA and B.V.T.V., INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION and KMART HOLDING CORPORATION, <br><br> Defendants. | Civil Action No. 05-11717-REK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER THAT THE DEPOSITIONS OF EDWARD S. LAMPERT AND ALAN LACY NOT BE HAD**

Pursuant to FED. R. CIV. P. 26(c), Defendants Sears, Roebuck and Co. ("**Sears**"), Sears Holdings Corporation ("**Sears Holdings**") and Kmart Holding Corporation ("**Kmart Holding**") (collectively "**Defendants**") hereby submit this memorandum of law in support of their emergency motion for protective order. Any information Edward S. Lampert ("**Lampert**") and Alan Lacy ("**Lacy**") possess, relevant to this case and sought by the plaintiffs, is entirely duplicative of the eight witnesses previously deposed. Deposing Lampert and Lacy is solely intended to harass both them and the Defendants, and Lampert and Lacy both have an extremely busy schedules such that devoting a day to a deposition would constitute a hardship to the them and the Defendants. Furthermore, plaintiffs Robert J. Vila ("**Vila**") and B.V.T.V., Inc. ("**BVTV**") (Vila and BVTV collectively referred to as "**Plaintiffs**") have already filed a motion for partial summary judgment without the need for this deposition testimony, and Defendants intend to file a cross-motion for summary judgment and also do not need this testimony.

## **FACTUAL BACKGROUND**

Sears is one of the most famous and long established retailers in the United States and has become an American institution. Defendants' First Amended Counterclaim ("**Counterclaim**"), ¶2. Sears is a New York corporation with a principal place of business in Hoffman Estates, Illinois. Id. at ¶2. Defendant Sears Holdings is a Delaware corporation with a principal place of business in Hoffman Estates, Illinois. Plaintiffs' First Amended Complaint ("**Complaint**"), ¶4. Defendant Kmart Holding is a Delaware corporation with a principal place in Troy, Michigan. Id. at ¶5.

Plaintiff Vila is an individual and a resident of Chilmark, Massachusetts. Id. at ¶1. Plaintiff BVTV is a Massachusetts Corporation with a principal place of business in Boston, Massachusetts. Id. at ¶2.

On or about September 29, 1989, BVTV and Ogilvy & Mather ("**Ogilvy**"), as agent for Sears, entered into the Bob Vila Syndicated Television Programs Agreement (the "**Syndication Agreement**"). Counterclaim, ¶7. Pursuant to the Syndication Agreement, Sears agreed to finance a series of home improvement television programs produced by BVTV staring Vila. Id. The Syndication Agreement has been amended ten times, with the most recent amendment executed by the parties on or about January 5, 1999 and running through the 2004-2005 television season. Id. at ¶9.

On or about September 29, 1989, Vila and Ogilvy as agent for Sears, also entered into the Bob Vila Spokesperson Agreement ("**Spokesperson Agreement**"). Complaint, ¶9. Pursuant to the Spokesperson Agreement, Sears agreed to pay Vila to render professional services as a spokesperson for Sears. Id. The Spokesperson Agreement has been amended ten times, with the most recent amendment executed by the parties on or about December 1, 2000 and covering the

years 1999-2009. Id. at ¶10. On August 19, 2005, Sears terminated the Spokesperson Agreement. Id. at ¶40.

This dispute in this case arises out of alleged breaches by the Defendants of the Spokesperson Agreement and the Syndication Agreement. On or about July 18, 2005, Vila and BVTV filed a complaint in the Dukes County Superior Court for the Commonwealth of Massachusetts asserting claims for, *inter alia*, breach of contract, repudiation of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, violation of MASS. GEN. L. ch. 93A each regarding the Syndication Agreement and the Spokesperson Agreement. Complaint, ¶38. On or about August 17, 2005, the Defendants removed the case to this Court. Id. at 35. On or about October 21, 2005, Plaintiffs filed their First Amended Complaint which contains claims for breach of contract, repudiation of contract, breach of the implied covenant of good faith and fair dealing, equitable estoppel, tortious interference with contract, and violation of MASS. GEN. L. ch. 93A with respect to the Spokesperson Agreement, as well as breach of contract, repudiation of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and violation of MASS. GEN. L. ch. 93A with regard to the Syndication Agreement and the Spokesperson Agreement. Id. at ¶¶45-86.

Defendants have, to date, produced over 3000 pages of documents to the Plaintiffs in response to document requests. From January 24, 2006 through March 13, 2006, Plaintiffs took and/or are scheduled to take the depositions of the following individuals either currently or formerly employed by Sears, Kmart, and/or Sears Holdings: Mark Rode (former Brand Manager at Sears), Andrew Ginger (former Vice President of Brand Management at Sears), Drew Farkas (current Senior Counsel at Sears), Fred Ciba (current Producer at Sears), Richard Anderson

(current Manager of Newspaper Distribution and former Manager of Media Planning at Sears), William Crowley (current Executive Vice President and Chief Financial Officer at Sears Holdings), and Luis Padilla (former President of Merchandising and Marketing and Chief Merchant at Sears). Defendants are also making Janine Bousquette, (former Chief Marketing and Customer Officer at Sears) available for deposition on a date mutually agreeable in April 2006. Defendants cooperated fully in the scheduling and hosting of these depositions.

By electronic mail dated March 10, 2006, counsel for Plaintiffs contacted counsel for the Defendants and attached notices of depositions for Edward S. Lampert, Chairman of the Board of Directors of Sears Holdings, and Alan Lacy, Vice Chairman of the Board of Directors of Sears Holdings. See Exhibit A attached hereto. Because the depositions of Lampert and Lacy will provide no unique relevant information to Plaintiffs, Lampert's and Lacy's schedules are extremely busy, and the depositions are only intended to harass Lacy, Lampert and the Defendants, a protective order should issue to prevent the depositions from being taken.

## ARGUMENT

I. **PROTECTIVE ORDERS SHOULD ISSUE THAT THE DEPOSITION OF LAMPERT AND LACY NOT BE HAD.**

Under FED. R. CIV. P. 26(c), a court may, as justice requires, issue a protective order to prevent or limit discovery in order to, among other reasons, protect a party from undue burden or expense. Additionally, FED. R. CIV. P. 26(b)(2) provides that a court, pursuant to a motion under Rule 26(c), may limit discovery, including depositions, if it concludes that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit." The instant facts present a situation in which the application of Rule 26(c) is appropriate and necessary. "[C]ourts frequently restrict efforts to

depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case." Cardenas v. The Prudential Ins. Co. of America, 2003 WL 21293757, *1 (D. Minn. 2003), citing Salter v. Upjohn Co., 593 F.2d 649, 650-651 (5th Cir. 1979) (defendant's president, who had no direct knowledge of the facts, and a had busy schedule, need not be deposed until plaintiff deposed lower level employees with relevant knowledge); Thomas v. International Business Machines, 48 F.3d 478, 483-484 (10th Cir. 1995) (approving the district court's issuing of a protective order to block plaintiff's deposition of IBM's chairman of the board, relying upon factors such as the short notice time given, the interruption such short notice could cause to the chairman's busy schedule, an affidavit from the chairman indicating he lacked personal knowledge of the plaintiff and facts relevant to her claim, and the plaintiff's failure to demonstrate that the information she sought from the chairman could not have been gathered from other IBM personnel); Baine v. General Motors Corp., 141 F.R.D. 332, 334-335 (M.D. Ala. 1991) ("The court finds that deposing [the vice president of General Motors] at this time would be oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from [other witnesses], interrogatories, or the corporate deposition.").

    A.    **DEPOSING LAMPERT WOULD BE UNDULY DUPLICATIVE, CUMULATIVE, HARASSING AND BURDENSOME.**

Plaintiffs cannot demonstrate the need for Lampert's deposition in this case. Lampert's involvement in the circumstances surrounding the case at bar was minimal. Declaration of Edward S. Lampert ("**Lampert Declaration**"), ¶2-3. Lampert's name appears on very few documents in this case. This is because Lampert was not involved in the negotiations of any of the contracts in dispute, and delegated all decision-making responsibility with respect to the

termination of the relationship between the parties to William Crowley, the Executive Vice President and Chief Financial Officer of Sears who has already been deposed in this action. Id. at ¶2-3. Though Crowley kept Lampert informed concerning the Vila relationship, any information concerning those communications has been revealed through Crowley's deposition and the documents produced. Id. at ¶4. It is uncertain what unique knowledge Plaintiffs believe Lampert possesses with respect to the relevant issues of this matter. However, as is made clear by the documents produced by the Defendants in this case (including the documents indexed on the privilege log), Defendants' initial disclosures, as well as the seven depositions taken by the Plaintiffs thus far, there is little evidence that deposing Lampert will reveal any additional relevant information. Any information that may be elicited from a deposition of Lampert would be unduly cumulative, duplicative and a waste of time. The Plaintiffs' primary purpose in seeking to depose Lampert is to harass and embarrass him and the Defendants, and it is clear that the Plaintiffs are using the depositions of the Defendants' high-level officials in order to attempt to influence settlement negotiations between the parties.

Additionally, the inconvenience and burden to Sears Holdings from the absence of Lampert, its Chairman, for an entire day is significant. As Chairman of the Board of Directors of both Sears Holdings and ESL Investments, Inc., Lampert's work schedule is extremely full, and devoting a day to a deposition would be quite burdensome to him and his companies. Id. at ¶5. On March 28, 2006, the date on which plaintiffs have noticed Lampert's deposition, Lampert has prior commitments. Id. at ¶5. Additionally, Lampert would have to cancel or reschedule prior commitments due to the short time provided for notice of the deposition. Id. Such concerns are properly considered by courts in determining whether a protective order should issue to prevent a deposition. See e.g. Thomas, 48 F.3d at 483; Salter, 593 F.2d at 651. Particularly in light of the

strong likelihood that Plaintiffs will obtain little to no additional information relevant to this action from the deposition of Lampert, the cost to Sears Holdings weighs against allowing the deposition to go forward. Furthermore, Plaintiffs have already filed a motion for partial summary judgment and did not need the Lampert deposition to support their claims. Without a demonstration from Plaintiffs regarding Lampert's connection to this case, and assurances that whatever little information potentially could be derived from a deposition will not be duplicative or cumulative, a protective order that Lampert's deposition not be had is appropriate.

### B. DEPOSING LACY WOULD BE UNDULY DUPLICATIVE, CUMULATIVE AND HARASSING

Similarly, Plaintiffs cannot demonstrate the need for Alan Lacy's deposition in this case. Lacy's involvement in the circumstances surrounding the case at bar was extremely minor at best, but in essence virtually nonexistent. Declaration of Alan Lacy ("**Lacy Declaration**"), ¶2. He played no role in the negotiations of any of the contracts in dispute. Id. at ¶3. During the time that Luis Padilla reported to Lacy, he gave periodic updates on the status of the Vila relationship. Id. at ¶4. However, Lacy exercised no decision-making power with respect to the issues relevant to this matter and any relevant information he possess is entirely duplicative of Padilla, who has already been deposed. Id. at ¶3. It is unclear what unique knowledge Plaintiffs believe Lacy possesses with respect to the relevant issues of this matter. The documents produced by the Defendants in this case (including the documents indexed on the privilege log), Defendants' initial disclosures, as well as the seven depositions taken by the Plaintiffs thus far, present no evidence that deposing Lacy will reveal any relevant information. In fact, none of the documents produced or withheld as privileged are to or from Lacy, and Defendants' Initial Disclosures did not identify him as a person with knowledge of the facts in the case. In the depositions, only brief references are made to him, and then in the context of his position. Any

information that may be elicited from a deposition of Lacy would be unduly cumulative, duplicative and a waste of time. The Plaintiffs' primary purpose in deposing Lacy is to harass and embarrass him and the Defendants, and it is clear that the Plaintiffs are using the depositions of the Defendants' high-level officials in order to influence settlement negotiations between the parties. Again, Plaintiffs have already filed a motion for partial summary judgment and did not need the Lacy deposition to support their claims.

As is the case with Lampert's deposition, the inconvenience and burden to Sears Holdings resulting from the deposition of Lacy would be considerable. Lacy's work schedule as Vice Chairman of Sears Holdings is extremely busy, and both he and Sears Holdings would be significantly burdened if he had to devote a day to a deposition. Lacy has prior commitments on March 24, 2006, the day noticed for his deposition, and the short period of time given for noticing the deposition will cause difficulties in rescheduling those commitments. The heavy cost to Sears Holdings from Lacy being deposed strongly outweighs what negligible information Plaintiff may derive from such a pointless exercise. Plaintiffs filed their motion for partial summary judgment without the support of any testimony from Lacy, clearly recognizing what little value his deposition may offer. Without a demonstration from Plaintiffs regarding Lacy's connection to this case, and assurances that whatever little information potentially could be derived from a deposition will not be duplicative or cumulative, a protective order that Lacy's deposition not be had is appropriate.

WHEREFORE, pursuant to FED. R. CIV. P. 26(c), Defendants respectfully request that this Court issue a protective order that the depositions of Edward S. Lampert and Alan Lacy not be had.

**RESPECTFULLY SUBMITTED:**

SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,
Defendants, and SEARS, ROEBUCK AND CO.,
Defendant/Counterclaimant,
By their attorneys:


/s/ Annapoorni R. Sankaran
Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)


CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on March 20, 2006 I served a copy of the foregoing by first class mail, postage-prepaid upon:

James F. O'Brien, Esq.
410 Park Avenue, Suite 1530
New York, NY 10022

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran

# EXHIBIT A

Case 1:05-cv-11717-WGY    Document 21    Filed 03/21/2006    Page 10 of 14

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11717-REK

ROBERT J. VILA and B.V.T.V., INC. )
)
Plaintiffs, )
)
)
v. )
)
)
SEARS, ROEBUCK AND CO., )
SEARS HOLDINGS CORPORATION )
and KMART HOLDING COPORATION )
Defendants. )
)

## NOTICE OF DEPOSITION

TO: Gary Greenberg, Esq.
Anna Sankaran, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Please take notice that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Robert J. Vila and B.V.T.V., Inc. shall take the deposition upon oral examination of Edward "Eddie" Lampert on Tuesday March 28, 2006, beginning at 10:00 A.M., and will continue from day to day until completed. The deposition will be taken before a Notary Public duly commissioned for the State of New York, or before some other qualified person, at the offices of James F. O'Brien, Esq. 410 Park Avenue, Suite 1530, (15th Floor) New York, NY 10022.

You are invited to attend and to cross examine the witness.

                         ROBERT J. VILA and B.V.T.V., INC.

                         By their attorney,

                         _____
                         James F. O'Brien (BBO#375765)
                         410 Park Avenue, Suite 1530
                         New York, NY 10022
                         212 813 9300

Dated: March 10, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11717-REK

ROBERT J. VILA and B.V.T.V., INC. )
)
Plaintiffs, )
)
)
v. )
)
)
SEARS, ROEBUCK AND CO., )
SEARS HOLDINGS CORPORATION )
and KMART HOLDING COPORATION )
Defendants. )
)

## NOTICE OF DEPOSITION

TO: Gary Greenberg, Esq.
Anna Sankaran, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Please take notice that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Robert J. Vila and B.V.T.V., Inc. shall take the deposition upon oral examination of Alan Lacy on Friday March 24, 2006, beginning at 10:00 A.M., and will continue from day to day until completed. The deposition will be taken before a Notary Public duly commissioned for the State of New York, or before some other qualified person, at the offices of James F. O'Brien, Esq. 410 Park Avenue, Suite 1530, (15th Floor) New York, NY 10022.

You are invited to attend and to cross examine the witness.

                              ROBERT J. VILA and B.V.T.V., INC.

                              By their attorney,

                              */s/ James F. O'Brien*
                              James F. O'Brien (BBO#375765)
                              410 Park Avenue, Suite 1530
                              New York, NY 10022
                              212 813 9300

Dated: March 10, 2006