UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT J. VILA and B.V.T.V., INC., | |
| Plaintiffs, | Civil Action No. 05-11717-REK |
| v. | |
| SEARS, ROEBUCK AND COMPANY, SEARS HOLDINGS CORPORATION and KMART HOLDING CORPORATION, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF ROBERT J. VILA'S STATEMENT OF
MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Defendants Sears, Roebuck and Co. ("**Sears**"), Sears Holdings Corporation ("**SHC**") and Kmart Holding Corporation ("**Kmart**") (collectively "**Defendants**"), hereby respond to Plaintiffs' statement of undisputed facts by referring this court to Defendants' Local Rule 56.1 Statement Of Material Facts Not In Dispute contained in Defendants' Opposition To Plaintiff's Motion For Partial Summary Judgment And Cross-Motion For Summary Judgment and also as follows:[1]

1.      Admitted.

2.      Defendants admit that the Bob Vila Spokesperson Agreement ("**Spokesperson Agreement**") has been amended ten times between 1989 and 2000, the last amendment of which

---

[1] Deposition transcripts and other documents referenced in this response are attached to the <u>Declaration of Annapoorni R. Sankaran</u> (hereinafter the "<u>Sankaran Declaration</u>"), submitted contemporaneously herewith. Copies of excerpts of deposition transcripts, documents not marked as exhibits in the depositions in this case and unreported cases are attached to Volume I of the <u>Sankaran Declaration</u>; copies of selected exhibits from the depositions in this case are attached as exhibits to Volumes II and III of the <u>Sankaran Declaration</u>; and DVDs are attached as exhibits to Volume IV of the <u>Sankaran Declaration</u>.

1

was due to expire on December 31, 2009, however Sears terminated the Spokesperson Agreement on August 19, 2005. Defendants deny the remaining allegations contained in paragraph 2 of Plaintiffs' Statement of Undisputed Facts. See Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

3.      Neither admitted nor denied as Plaintiff's Statement of Undisputed Facts omits paragraph 3.

4.      Admitted. Defendants further state that the same true and accurate copy of the Spokesperson Agreement that was marked as Exhibit 13 in the depositions in this case is also attached to Volume II of the Sankaran Declaration.

5.      Defendants admit that the terms of Amendment X to the Spokesperson Agreement required two payments to be made over the course of 2005, one on January 1, 2005 and one on July 1, 2005 totaling $1,897,500. However, Defendants further state that Sears terminated Spokesperson Agreement on August 19, 2005. See Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164. Defendants deny that Sears was required to make the July 1, 2005 payment because Sears has learned that Vila was in material breach of the terms of the Spokesperson Agreement prior to July 1, 2005. See Deposition Exhibits 158, 159, 160, 164, 165, 166, 167, 169, 187, 200, 201, 202, 203, 205, 206, 207, 208, 209, 211, 212, 213, 214, 221, 225, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 238; Feiner Depo. Vol. X, p. 98-100; Monzon Depo. p. 133-134; Marchand Depo. p. 175-76; Exhibit P to Sankaran Declaration.

6.      Defendants admit that the terms of Amendment X to the Spokesperson Agreement required two payments to be made over the course of 2005, one on January 1, 2005 and one on July 1, 2005 totaling $1,897,500. However, Defendants further state that Sears terminated Spokesperson Agreement on August 19, 2005. See Deposition Exhibit 62; Vila

Depo. Vol. 1, p. 164.  Defendants deny that Sears was required to make the July 1, 2005 payment because Sears has learned that Vila was in material breach of the terms of the Spokesperson Agreement prior to July 1, 2005.  See Deposition Exhibits 158, 159, 160, 164, 165, 166, 167, 169, 187, 200, 201, 202, 203,  205, 206, 207, 208, 209, 211, 212, 213, 214, 221, 225,  227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 238; Feiner Depo. Vol. X, p. 98-100; Monzon Depo. p. 133-134; Marchand Depo. p. 175-76; Exhibit P to Sankaran Declaration.

　　　　7.　　　　Admitted.

　　　　8.　　　　Defendants admit that on March 24, 2005, a merger between Sears and Kmart was consummated whereby SHC became the parent holding company to Sears and Kmart.  March 24, 2005 Kmart Press Release, attached as Exhibit K to Sankaran Declaration.  Defendants deny the remaining allegations in paragraph 8 of Plaintiffs' Statement of Undisputed Facts.  Id.

　　　　9.　　　　Defendants admit that Defendants have not paid Vila the July 1, 2005 payment under the Spokesperson Agreement.  Defendants also state that Sears was not required to make the July 1, 2005 payment because Sears has learned that Vila was in material breach of the terms of the Spokesperson Agreement prior to July 1, 2005.  See Deposition Exhibits 158, 159, 160, 164, 165, 166, 167, 169, 187, 200, 201, 202, 203,  205, 206, 207, 208, 209, 211, 212, 213, 214, 221, 225,  227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 238; Feiner Depo. Vol. X, p. 98-100; Monzon Depo. p. 133-134; Marchand Depo. p. 175-76; Exhibit P to Sankaran Declaration.

　　　　10.　　　　Defendants admit, that the terms of Amendment X to the Spokesperson Agreement, when it was in effect, required payments to be made over the course of 2006, one on January 1, 2006 and one on July 1, 2006, totaling $2,087,250.   However, Defendants further state that Sears terminated Spokesperson Agreement on August 19, 2005.  See Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

11.     Defendants admit, that the terms of Amendment X to the Spokesperson Agreement, when it was in effect, required payments to be made over the course of 2006, one on January 1, 2006 and one on July 1, 2006, totaling $2,087,250.   However, Defendants further state that Sears terminated Spokesperson Agreement on August 19, 2005.   <u>See</u> Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

12.     Admitted.

13.     Admitted.

14.     Admitted.   Defendants further state that Sears terminated the Spokesperson Agreement on August 19, 2005.   <u>See</u> Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

15.     Sears admits that after August 19, 2005, Vila's image appeared on the craftsman.com website but denies the remaining allegations in paragraph 15 of of Plaintiffs' Statement of Undisputed Facts.   <u>See</u> Deposition Exhibit 13, Spokesperson Agreement Article II ("We [(Sears)] shall have full and complete right . . . to telecast, broadcast, use, reproduce, and/or exhibit the Advertising during the term hereof and for a period of sixty (60) days thereafter (for make-good purposes only) except for catalogs and in-store sinage issued prior to termination of this agreement which may he used up until one year after date of issue."). Defendants state that they had a right to continue to use Vila's image on the craftsman.com website after August 19, 2005 pursuant to the terms of the Spokesperson Agreement.   <u>Id.</u> Defendants further state that Sears terminated the Spokesperson Agreement on August 19, 2005. <u>See</u> Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

16.     Admitted.

17.     Defendants admit that Defendants did not respond to Plaintiffs' February 8, 2006 demand for payment in the amount of $2,069,233.70 and that Sears has not made a payment to

Vila in this amount subsequent to February 8, 2006 and deny the remaining allegations contained in paragraph 17 of Plaintiffs' Statement of Undisputed Facts. Defendants further state that Sears terminated the Spokesperson Agreement on August 19, 2005. See Deposition Exhibit 62; Vila Depo. Vol. 1, p. 164.

18.    Denied. Vila Depo. Vol. 1, p. 61; Vila Depo Vol. 2. pp. 359-60; Deposition Exhibit 155, 156, 157, 176, 194, 213. Defendants state that Vila and BVTV representatives admitted in their documents, deposition testimony and website that the *Bob Vila* television show is a new and different show from the television show *Bob Vila's Home Again*. Id.

RESPECTFULLY SUBMITTED:
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,
Defendants, and SEARS, ROEBUCK AND CO.,
Defendant/Counterclaimant,
By their attorneys:

/s/ Annapoorni R. Sankaran
Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
Sebastian R. Colley, BBO #663842
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that, pursuant to Local Rule 5.4(c), on April 11, 2006 I served a copy of the foregoing electronically upon:

James F. O'Brien, Esq.
410 Park Avenue, Suite 1530
New York, NY 10022

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran

5