UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. VILA and B.V.T.V., INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, ROEBUCK AND COMPANY, SEARS HOLDINGS CORPORATION and KMART HOLDING CORPORATION, <br><br> Defendants. | Civil Action No. 05-11717-WGY |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FURTHER AMEND COMPLAINT

Defendants Sears, Roebuck and Co. ("**Sears**"), Sears Holdings Corporation ("**Sears Holdings**"), and Kmart Holding Corporation ("**Kmart Holding**") (collectively "**Defendants**"), hereby oppose Plaintiffs' Motion to Further Amend Complaint ("**Second Motion to Amend**"). In opposition, Defendants submit contemporaneously herewith the Declaration of Annapoorni R. Sankaran (hereinafter "**Sankaran Dec.**") and state plaintiffs Robert J. Vila ("**Vila**") and B.V.T.V., Inc. ("**BVTV**") (collectively "**Plaintiffs**"), cannot establish good cause as to their delay in raising the entirely new trademarks claims they seek to include in the trial in this matter: (a) almost one year from the date the complaint was initially filed, (b) almost nine months after Plaintiffs amended the complaint for the first time, (c) almost six months after they admittedly learned of the alleged facts giving rise to these new trademark claims, (d) almost five months after Plaintiffs moved for partial summary judgment, (e) more than three months after the close of discovery, and (f) exactly three months after Defendants moved for summary judgment on all counts of Plaintiffs First Amended Complaint. Furthermore, the proposed amendments are not

1

supported by substantial evidence. Defendants would be extremely prejudice by the introduction of brand new trademark claims at this stage of the litigation because they had no notice that these claims were at issue in this matter, no discovery was taken on these issues, discovery has closed and trial is mere months away. Plaintiffs' Second Motion to Amend should be denied.

## FACTUAL BACKGROUND

On or about July 18, 2005, plaintiffs Vila BVTV filed a complaint in the Dukes County Superior Court for the Commonwealth of Massachusetts asserting claims for, *inter alia*, breach of contract, repudiation of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, violation of MASS. GEN. L. ch. 93A each regarding an alleged Syndication Agreement between BVTV and Sears (the "**Syndication Agreement**") and a Spokesperson Agreement between Vila and Sears (the "**Spokesperson Agreement**"). See Exhibits 1 and 2 to Sankaran Dec.

On or about August 17, 2005, the Defendants removed the case to this Court. See Exhibit 1 to Sankaran Dec. The next day, on August 18, 2006, Sears terminated the Spokesperson Agreement. Exhibit 3 to Sankaran Dec.

On or about October 17, 2006, Plaintiffs moved for the first time for leave to amend their Complaint, which was allowed on or about October 21, 2005. See Exhibit 1 to Sankaran Dec. Plaintiffs' First Amended Complaint added additional factual allegations, updating the interactions between the parties, and maintained the counts for breach of contract, repudiation of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and violation of MASS. GEN. L. ch. 93A - each regarding the Syndication Agreement and the Spokesperson Agreement. Exhibit 4 to Sankaran Dec.

On August 23, 2006, this Court issued an order convening a scheduling conference for

October 19, 2006.  See Exhibit 1 to Sankaran Decl.  Pursuant to that order, the parties filed their joint statement which set forth the following schedule:

**PHASE I**

| | |
|---|---|
| Automatic Disclosure pursuant to Local Rule 26.2 to be made by plaintiff and defendants by | October 21, 2005 |
| Requests to produce documents for inspection and copying under FED. R. CIV. P. 34 to be served by | November 8, 2005 |
| Interrogatories under FED. R. CIV. P. 33 to be served by | December 30, 2005 |
| Responses to document requests under FED. R. CIV. P. 34 to be served by | thirty days after initial request |
| Answers to interrogatories under FED. R. CIV. P. 33 to be served by | thirty days after initial request |
| Depositions of fact and/or lay witnesses to be concluded by | March 31, 2006 |
| Requests for admissions under FED. R. CIV. P. 36 to be served by | April 14, 2006 |
| Responses to requests for admissions under FED. R. CIV. P. 36 to be served by | thirty days after initial request |

**PHASE II**

| | |
|---|---|
| Plaintiff's Answers to expert interrogatories, expert disclosures, and reports of plaintiff's experts to be provided to defendants by | April 14, 2006 |
| Answers to interrogatories, expert disclosures, and defendants' experts to be provided to plaintiff by | April 28, 2006 |
| Depositions of expert witnesses to be completed by | May 31, 2006 |

**DISPOSITIVE MOTIONS**

| | |
|---|---|
| Dispositive motions can be filed by any party at any time up to and including | June 16, 2006 |
| Oppositions to dispositive motions to be filed | within thirty (30) days of service of the dispositive motion. |

Exhibit 5 to Sankaran Decl.

On or about November 4, 2005, Plaintiffs served Defendants with their First Request for

the Production of Documents and on January 26, 2006 served interrogatories. Exhibit 6 to Sankaran Decl. None of these discovery requests related to Defendants' purported use of trademarks belonging to any of the Plaintiffs. Id.

Over the course of discovery, Defendants have produced over 3000 pages of documents to the Plaintiffs in response to document requests. Similarly, Plaintiffs have produced close to 1000 pages of documents. Sankaran Decl. ¶8. None of the documents produced, including those in Plaintiffs' Initial Disclosures pursuant to FED. R. CIV. P. 26, contained documents reflecting or concerning trademarks held by either plaintiff. Id.

From January 24, 2006 through March 13, 2006, Plaintiffs took depositions of the following individuals either currently or formerly employed by Sears, Kmart, and/or Sears Holdings: Mark Rode (former Brand Manager at Sears), Andrew Ginger (former Vice President of Brand Management at Sears), Drew Farkas (current Senior Counsel at Sears), Fred Ciba (former Producer at Sears), Richard Anderson (current Manager of Newspaper Distribution and former Manager of Media Planning at Sears), William Crowley ("**Crowley**") (current Executive Vice President and Chief Financial Officer at Sears Holdings), and Luis Padilla (former President of Merchandising and Marketing and Chief Merchant at Sears). Exhibit 7 and 8 to Sankaran Decl. During this time, it apparently came to Plaintiffs' attention that Defendants' had certain images of and references to Vila on Sears' Craftsman web site after Sears terminated the Spokesperson Agreement between Vila and Sears. See Exhibit 8 and 9 to Sankaran Decl. Plaintiffs concede that they knew of these facts as early as February 8, 2006. Proposed Second Amended Complaint ¶¶ 87-117. Indeed, On February 12, 2006, the *Chicago Tribune* reported the matter. Exhibit 9 to Sankaran Decl. Additionally, counsel for Plaintiffs asked Crowley questions on the subject at his deposition on March 1, 2006. Exhibit 8 to Sankaran Decl. Defendants took

down the Craftsman web site no later than March 1, 2006. Exhibit 154 contained in Exhibit 8 to Sankaran Decl.

On or about February 22, 2006, Vila and BVTV moved for partial summary judgment on counts I, II, III and VI of their First Amended Complaint. See Exhibit 1 to Sankaran Decl. The parties agreed that Defendants would have up to and including two weeks after the conclusion of the Vila deposition to file their opposition to Plaintiffs' cross motion for summary judgment. See Exhibit 1 and 10 to Sankaran Decl. Sears took the depositions of Vila on March 15, 16 and 28, 2006, Mr. Feiner on March 16 and 20, 2006, Sarah Monzon (line producer at BVTV and a FED. R. CIV. P. 30(b)(6) designee of the Plaintiffs) on March 29, 2006, and Melissa Marchand (Chief Operating Officer of BV WebTies LLC[1] and a FED. R. CIV. P. 30(b)(6) designee of the Plaintiffs) on March 27, 2006. Exhibit 7 to Sankaran Decl.

Pursuant to the joint statement filed by the parties, discovery was scheduled to close on March 31, 2006. Exhibit 5 to Sankaran Decl. As of that date, Plaintiffs had not served a notice of deposition for any FED. R. CIV. P. 30(b)(6) witnesses of any defendant. See Exhibit 11 to Sankaran Decl. However, after the close of discovery, Plaintiffs served a notice of deposition for the FED. R. CIV. P. 30(b)(6) designee(s) of Sears on April 7, 2006. Id. On April 11, 2006, Defendants filed their opposition to Plaintiffs' Motion for Partial Summary Judgment as well as their Cross-motion for Summary Judgment on all counts in Plaintiffs' Complaint. See Exhibit 1 to Sankaran Decl. In resolution of an unrelated discovery dispute, Sears agreed to produce two FED. R. CIV. P. 30(b)(6) witnesses for deposition after the close of discovery and allow Plaintiffs two weeks after the conclusion of those depositions to file and serve their opposition to

---

[1] BV WebTies LLC is the entity which, *inter alia*, runs the bobvila.com web site.

Defendants' Cross Motion for Summary Judgment on all counts of the Amended Complaint.[2] Exhibit 12 to Sankaran Decl. Plaintiffs took the depositions of Defendants' FED. R. CIV. P. 30(b)(6) witnesses on July 5, 2006 in Chicago. Exhibit 7 to Sankaran Decl. After this case was transferred from Judge Keeton to Judge Young, this Court issued an order that Plaintiffs' opposition to Defendants' Cross-Motion for Summary Judgment on all counts be filed no later than July 21, 2006. See Exhibit 1 to Sankaran Decl.

On July 11, 2006, Plaintiffs filed the Second Motion to Amend. In their proposed Second Amended Complaint ("**Proposed Second Amended Complaint**"), Plaintiffs seek to add claims for breach of contract, infringement of registered marks, infringement of common law marks, dilution and unjust enrichment all based on Sears alleged improper use of Vila's image and name on the craftsman.com website after Sears terminated Vila's Spokesperson Agreement.

On July 14, 2006, this Court convened a status conference. See Exhibit 1 to Sankaran Decl. At that conference, and while plaintiffs' Second Motion to Amend was pending, counsel for Plaintiffs announced that he was "ready for trial right now." Exhibit 14 to Sankaran Decl. .

Plaintiffs cannot demonstrate good cause for their delay in seeking amendment nor can they demonstrate that the proposed amendment is supported by substantial evidence. Because the additional claims that Plaintiffs now seek to raise amount to what is essentially an entirely new trademark case on which the parties took <u>no</u> discovery, and because these same facts were known to the Plaintiffs during the discovery period, Plaintiffs should be precluded from amending their First Amended Complaint at this late stage. Discovery has closed, motions for summary judgment have been filed and Defendants would suffer extreme prejudice if the same

---

[2] Defendants also issued subpoenas to third-party witnesses including Jonathan Birkhahn (from King World), a FED. R. CIV. P. 30(b)(6) designee from KingWorld, Jonathan Russo (Vila's Agent), Eddie Ward (of Dera, Roslan & Campion), and Eileen Campion (of Dera, Roslan & Campion). Counsel for Plaintiffs requested that those depositions be postponed until after Plaintiffs filed their opposition to Defendants' Cross-Motion for Summary Judgment on all counts of the First Amended Complaint. Exhibit 12 to Sankaran Decl.

6

were permitted.

## ARGUMENT

**I.   THIS COURT SHOULD DENY PLAINTIFFS SECOND MOTION TO AMEND.**

**A.   STANDARD FOR MOTIONS TO AMEND UNDER FED. R. CIV. P. 15(a).**[3]

Generally, parties are granted leave to amend pleadings where justice so requires, unless the amendment would be futile or would reward undue delay. Adorno v. Crowley Towing and Transportation, 443 F.3d 122, 126 (1st Cir. 2006) (citations omitted). Although Plaintiffs invoke FED. R. CIV. P. 15(a) in their Second Motion To Amend, they entirely ignore the law that

> [n]otwithstanding this liberal amendment policy, it is the more stringent "good cause" standard of FED. R. CIV. P. 16(b), not the "freely given" standard of Rule 15(a), that governs motions to amend after a scheduling order is in place. O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir. 2004). The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking amendment rather than the "freely given" standard of Rule 15(a) which limits denial mostly to the bad faith of the moving party or prejudice to the opposing party. Id. at 155.

Berwind Property Group, Inc. v. Environmental Management Group, Inc., 233 F.R.D. 62, 66 (D. Mass. 2005). "Where considerable time has time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his

---

[3] Plaintiffs reliance on FED. R. CIV. P. 15(b) is misplaced as this Rule does not apply to the circumstances at hand. Without citation, and in a complete misconception of its applicability, Plaintiffs appear to ask this Court to apply FED. R. CIV. P. 15(b) and "conform the pleadings to the evidence to be presented at trial." Second Motion To Amend at 2. That rule provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . .

FED. R. CIV. P. 15(b) (emphasis added). Plaintiff's invocation of FED. R. CIV. P. 15(b) fails to recognize that FED. R. CIV. P. 15(b) is limited to matters raised at trial, and courts have rejected attempts to use the rule at earlier stages of litigation. See, e.g., Invest Almaz v. Temple-Inland Forest Products Corp., 243 F.3d 57, 71 n. 19 (1st Cir. 2001) ("Rule 15(b) applies under only two circumstances: when an issue not contained in the pleadings is tried by consent (express or implied) of the parties, or when a party objects to evidence as outside the pleadings and the court exercises its discretionary right to allow amendment."); Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1309 n. 3 (10th Cir. 1998) ("Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial.").

neglect and delay'" Adorno, 443 F.3d at 126, citing Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979); Grant v. News Group, 55 F.3d 1, 6 (1st Cir. 1995) (affirming the district court's denial of a motion to amend that had been submitted 14 months after the filing of the initial complaint and after the close of discovery); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (deeming a 17-month delay between the initiation of the action and filing a motion to amend, served ten days prior to the close of discovery, to be undue).

Similarly, "[t]he bar for a plaintiff tendering an amended complaint is higher after a motion for summary judgment has been filed, as the plaintiff must demonstrate 'that the proposed amendments were supported by substantial and convincing evidence.'" Berwind, 233 F.R.D. at 66, quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1996). "Where leave to amend is sought only after discovery has closed and summary judgment motions have been filed, 'the proposed amendment must be not only theoretically viable but also solidly grounded in the record,' and 'substantial evidence' must support the allegations of the proposed amended complaint." Resnick v. Copyright Clearance Center, Inc., 422 F.Supp.2d 252, 256 (D. Mass. 2006), citing   Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

"Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with it attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004), citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir. 1998). A delay of a year between the original complaint and the motion to amend, taken in conjunction with the likely costs of re-opening discovery weighs

heavily against the moving party. Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (affirming the district court's denial of a motion to amend that had been submitted 14 months after the filing of the initial complaint and after the close of discovery); see also Acosta-Mestre, 156 F.3d at 52 (citing the delay in filing the motion to amend as likely sufficient in itself to justify the denial of a FED. R. CIV. P. 15(a) motion to amend, but adding that "the prejudice to [the defendant] resulting from a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial strategy and tactics . . . fully support [such a denial]"). In the present action, Plaintiffs cannot demonstrate good cause as to why they are moving to amend their complaint to add entirely new trademark claims so close to trial and after the close of discovery. Additionally, the proposed amendment is not supported by substantial evidence. Accordingly, leave should be denied.

    **B.**    **DEFENDANTS SECOND MOTION TO AMEND SHOULD BE DENIED AS IT SEEKS TO ADD ENTIRELY NEW TRADEMARK CLAIMS THAT ARE UNTIMELY AND THAT WILL CAUSE DEFENDANTS EXTREME PREJUDICE AT THIS TIME.**

As a preliminary matter, Plaintiffs' assertions that the new claims contained in their proposed Second Amended Complaint relate to "facts already well known to Defendants" is untrue and entirely misleads this Court as to the nature of the claims that Vila and BVTV are now seeking to assert. As stated previously, the claims that Vila and BVTV are attempting to add constitute an entirely new trademark case. In their Proposed Second Amended Complaint, Vila and BVTV allege that Defendants exploited Vila's image and name in violation of registered and common law trademarks they owned therein. Proposed Second Amended Complaint ¶¶ 87-117. Plaintiffs claim that they own the registered marks "BOB VILA" and "BOB VILA'S." Proposed Second Amended Complaint ¶97. Furthermore, Vila and BVTV assert that Vila has common law trademark rights in his name likeness and image. Until the

filing of the Second Motion To Amend, Defendants had no notice that Vila and BVTV were seeking to assert claims relating to purported violations of trademark rights (registered or unregistered) and had no idea in what Vila and/or BVTV were claiming common law trademark rights.  Indeed, the Spokesperson Agreement makes no reference to any registered or unregistered trademarks owned by Vila.  Exhibit 15 to Sankaran Decl.  Not one document was produced making reference to any of the marks that are the subject of the Proposed Second Amended Complaint, and, in fact, Plaintiffs have not even produced the registered marks at issue.

In order to defend against these new claims of infringement of registered marks, infringement of common law marks, dilution and unjust enrichment, Sears will be required to engage in extensive discovery which was not previously the subject of the 4000 pages of documents already produced nor the 13 depositions taken in this matter thus far.  This discovery will involve examination of whether the proposed marks are inherently distinctive, whether they have achieved secondary meaning, their uses in commerce, the likelihood of confusion as a result of Sears' purported use of the marks, and any actual confusion.  See Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 486-87 (1st Cir. 1981); Motorsport Engineering, Inc. v. Maserati, S.P.A., 183 F. Supp. 2d 209, 226 (D. Mass. 2001); Black Dog Tavern Co. v. Hall, 823 F. Supp. 48 (D. Mass. 1993) ; Trans Union LLC v. Credit Research, Inc., 142 F. Supp. 2d 1029, 1038 (N.D. Ill. 2001).  Indeed expert testimony will likely be needed on one or more of these matters.  See, e.g., 4 WEINSTEIN'S FEDERAL EVIDENCE § 702.06[3] n. 59.  Furthermore, the determination of actual damages, if any, suffered by the plaintiffs will require extensive discovery.  See Nat'l Fire Protection Ass'n, Inc. v. Intern. Code Council, Inc., No. Civ.A.03-10848 DPW, 2006 WL 839501, at *24-*25 (Mar. 29, 2006 D. Mass), citing Aktiebolaget

Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5 (1st Cir. 1993); Rodeway Inns Intern. v. Amar Enterprises, 742 F. Supp. 365, 369 (S.D. Miss. 1990). That is in order to prove damages under these claims, plaintiff will have to show that Sears profited from using Vila's image and name on the Craftsman website. As a preliminary matter, the Craftsman website did not permit customers to directly purchase goods from it; rather customers were redirected to the Sears website. Assessing damages, if any, presuming such an endeavor is even possible, will entail an investigation of whether any customers bought products specifically because of Vila's image or likeness being on the Craftsman website. None of these claims were contemplated in the discovery propounded by either party in the case and the record is entirely devoid of any evidence necessary to such claims.

Plaintiffs should be denied leave to amend because they cannot demonstrate good cause as to their undue delay. The fact is that Plaintiffs learned of these alleged claims no later than February 8, 2006. Exhibit 9 to Sankaran Decl.; Proposed Second Amended Complaint ¶88. At that time, discovery was still ongoing and, if raised in a timely manner, the parties could have taken the necessary discovery regarding the trademarks the Plaintiffs are now seeking to invoke. However, Plaintiffs chose not to do so, and instead filed a motion for partial summary judgment based on the First Amended Complaint. See Exhibit 1 to Sankaran Decl. After the close of fact discovery, on April 11, 2006, the Defendants opposed Plaintiffs' motion for partial summary judgment and cross-moved for summary judgment on all claims in Plaintiffs' First Amended Complaint. See Id. The fact is that Plaintiffs waited until July 11, 2006, to seek leave to amend their complaint for the second time which is

- almost one year from the date the complaint was initially filed,
- almost nine months since they amended the complaint for the first time,
- almost six months after they admittedly learned of the alleged facts giving rise to the new claims at issue,

- almost five months after Plaintiffs moved for partial summary judgment,
- more than three months after the close of discovery, and
- exactly three months after Defendants moved for summary judgment on all counts of Plaintiffs First Amended Complaint.

See Id. Plaintiffs' Second Motion to Amend provides no explanation for this delay and in fact admits that Plaintiffs knew of the facts giving rise to these claims as early as February 8, 2006. Second Motion to Amend ¶¶ 2, 6.[4] Such dilatory actions should not be excused especially in light of the prejudice it would cause Defendants where discovery is over and Defendants had no notice of the claims Plaintiffs now seek to assert. Girl Scouts, 383 F.3d at 12 (affirming district court's denial of a motion to amend filed a week after the parties' agreed-upon date for the close of discovery, on grounds that re-opening discovery would unduly prejudice to the defendant); Acosta, 156 F.3d at 52-53 (affirming the district court's denial of a motion to amend, filed 17 months after the complaint and 15 months after the first amended complaint, as the amendment would result in undue delay of "at least an additional four months of discovery and would have delayed trial by at least an additional twelve months"); Resolution Trust Corp., 30 F.3d at 253 (affirming the district court's denial of motion to amend filed one month after party moved for summary judgment, and three months after complaint, due to the fact that plaintiff could not demonstrate the proposed amendments were supported by "substantial and convincing evidence"); Grant, 55 F.3d at 6 (affirming the district court's denial of a motion to amend that had been submitted 14 months after the filing of the initial complaint and after the close of discovery); Stepanischen, 722 F.2d at 933 (deeming a 17-month delay between the initiation of the action and filing a motion to amend, served ten days prior to the close of discovery, to be

---

[4] To the extent that Plaintiffs attempt to argue that the new claims in the Proposed Second Amended Complaint could not have been asserted until the FED. R. CIV. P. 30(b)(6) deposition of Sears had been completed, the argument should be dismissed. A review of the Proposed Second Amended Complaint itself reveals that all the facts giving rise to the new claims were within the knowledge of the Plaintiffs no later than February 8, 2006. Proposed Second Amended Complaint ¶88. In fact, the testimony of Defendants' FED. R. CIV. P. 30(b)(6) witness, much ballyhooed by Plaintiffs, added nothing of substance to Plaintiffs' Second Motion to Amend.

undue); Hayes, 602 F.2d at 19-20 (affirming district court's denial of motion to amend filed over two years after complaint on grounds of undue delay; plaintiff was "prompted to amend only when [defendant] moved for judgment on the pleadings"); Berwind, 233 F.R.D. 62, 66 (D. Mass. 2005) (denying, on grounds of undue delay, motion to amend filed after the discovery deadline, fifteen months after the original complaint, and one year after the first amended complaint); Zappia v. Nynex Information Resources, 1993 WL 437676 at *1 n.2 (D. Mass. 1993) (Young, J.) (purported motion to amend denied on grounds that it was untimely and unduly prejudicial to defendant).[5]

Furthermore, Plaintiffs cannot establish that the proposed amendment is supported by substantial evidence, the standard applied once summary judgment has been filed, as no discovery has been taken and not one document has been produced concerning the new trademark claims contained in the Proposed Second Amended Complaint. See Adorno, 443 F.3d at 126 and n. 4 (where a motion to amend is filed at the eleventh hour to fend off summary judgment a "court need not tiptoe through empty formalities to reach foreordained results"); Girl Scouts, 383 F.3d at 11-12; Resnick, 422 F.Supp.2d 252, 256 (motion to amend filed after close of discovery and after summary judgment motions filed denied as there was not substantial evidence in the record to support the allegations). Indeed, Plaintiffs' counsel himself admitted to this Court that he is "ready for trial right now" at a time where the motion to amend has not been allowed and no discovery on the new subjects contained in the Proposed Second Amended Complaint had been taken.

---

[5] To the extent that this Court entertains Plaintiffs' Second Motion To Amend, Defendants respectfully request that this Court allow Defendants additional discovery on these claims and bifurcate the claims from trial of the claims in the First Amended Complaint. See McNeill Engineering Company, Inc v. Trisport, Ltd., 73 F.Supp.2d 73, 75 (D. Mass. 1999) (Young, J.) (where motion to amend complaint was allowed but resulted in undue prejudice to defendant, defendant was permitted additional time for discovery and amended claims were bifurcated for trial).

Exhibit 14 to Sankaran Decl.  Under these circumstances, Plaintiffs' Second Motion To Amend should be denied.[6]

WHEREFORE, Defendants Sears, Roebuck and Co., Sears Holdings Corporation and Kmart Holding Corporation respectfully request that this Court deny Plaintiffs' Second Motion To Amend Complaint.

**RESPECTFULLY SUBMITTED:**
SEARS HOLDINGS CORPORATION and
KMART HOLDING CORPORATION,
Defendants, and SEARS, ROEBUCK
AND CO., Defendant/Counterclaimant,
By their attorneys:

/s/ Annapoorni R. Sankaran
Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
GREENBERG TAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4, I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 25, 2006.

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran

---

[6] To the extent that this Court allows the Second Motion to Amend, but grants Defendants summary judgment on count I of the First Amended Complaint, leave to amend to add Count XII (additional breach of contract) of the Proposed Second Amended Complaint should be denied as futile. Resnick, 422 F.Supp.2d at 256 ("A proposed amendment is futile if it serves no legitimate purpose or is without legal merit").